JOSEPH HENDERSON, Appellant, v. HUGH P. FARRELLY et al., Appellees.

| 16 | 137 |
| 82a | 582 |
| 16 | 137 |
| 92a | 564 |

APPEAL FROM MACOUPIN.

Where a plea avers a total failure of consideration, but the facts stated in it clearly show that it was founded on a good consideration, it is obnoxious to a demurrer.

THIS cause was heard at the April term, 1854, of the Macoupin Circuit Court, before WOODSON, Judge.

J. M. PALMER, for Appellant.

D. A. SMITH, for Appellees.

TREAT, C. J.    This was an action of debt, brought by Farrelly and three others against Henderson. The declaration was upon a promissory note, made by the defendant to the plaintiffs. The defendant filed pleas of *non est factum*, and want of consid-

cration, on which issues were formed. He also pleaded in substance, that the plaintiffs were the exclusive owners of the right to use and vend Shaw's family rule for garment cutting; that Farrelly fraudulently represented to the defendant, that he was authorized by the owners to sell the right for certain counties in the State of Illinois; that the defendant, relying upon these representations, purchased the right to those counties, and executed the note in question for the price; that Farrelly had no authority from his co-plaintiffs to sell the right, and that they had not confirmed the sale made by him; and therefore the note was made without any good or valuable consideration. A demurrer was sustained to this plea; and the issues of fact were found for the plaintiffs.

The facts stated in the plea, do not authorize the conclusion of the pleader. Instead of showing that the note was made without consideration, they clearly show that it was founded upon a good and valuable consideration. Henderson acquired the interest of Farrelly by the purchase, and thereby became the owner of one-fourth of the patent right. That was a good consideration for the promise. If he did not obtain the title to the other three-fourths, there was a failure of consideration to that extent, and the defense should have been put upon that ground. Beside, the effect of sustaining this plea, would be to allow him to retain Farrelly's interest in the patent right, and at the same time avoid the payment of the entire purchase money. The injustice of such a rule is apparent. The demurrer was properly sustained.

The judgment is affirmed.

*Judgment affirmed.*