## HODGE VS. SAWYER.

CONTRACTS. (1) *Written contract construed.* (2) *Whether proof of contemporaneous oral agreement admissible.* (3) *Agreement to take substituted paper construed.*

PLEADING. (4, 5) *Amendment after judgment.*

1. Where, by agreement in writing, defendant, in consideration of the benefits by him to be derived from the removal of a certain dam, or the recovery of his damages caused by such dam, promised to pay plaintiff or order a certain sum for his expenses or exertions in obtaining such removal or damages, on demand thereafter; and it appeared that the only injury suffered by defendant from the maintenance of the dam, when he executed said agreement, was that caused by the *flowage* of his land: *Held,* that if the dam was *so far abated* that it ceased to cause such flowage, the condition precedent, in that particular, to a right of recovery upon the agreement, was performed, and it was not necessary to show that the *whole structure was removed.*

2. Whether, in an action on such written agreement, proof was admissible of a contemporaneous oral agreement on plaintiff's part to accept the note or obligation of defendant's grantee in place of the one in suit, in case, before anything became due thereon, defendant should sell his lands affected by such dam,— is not here determined.

3. Defendant having sold said lands before anything became due under

his written agreement, and having tendered to plaintiff an agreement executed by his grantee, in which *he himself instead of the plaintiff*, was named as promisee, and which contained a condition not found in the agreement in suit: *Held*, that plaintiff was not bound to accept the tender, and it was no defense to his action.

4. Where the facts upon which a defense is based are not properly set up in the answer, but testimony establishing them is received without objection, the answer may be *amended after judgment* to conform to the facts proven, and the judgment will not be reversed for such defect in the pleading.

5. So also where the complaint did not demand interest, but upon the facts proved plaintiff was entitled to interest from the date of demand made, the complaint might be *amended* in that particular *after judgment*, and the allowance of interest is no ground for reversal.

APPEAL from the Circuit Court for *Jefferson* County.

This action was commenced in February, 1870, in justice's court; was appealed to the circuit court, and tried before a referee; and the plaintiff recovered judgment, from which the defendant appealed to this court. The action is upon the following instrument in writing: "In consideration of the benefits to me, derived from the removal of the dam across Rock River at Horicon, or the recovery of my damage caused by said dam, I promise to pay *Ira Hodge* or order, for his expenses or exertions for obtaining such removal or damages, on demand thereafter, the sum of fifty dollars, payable at my home at Burnett. Dated Feb. 1st, 1860. HIRAM SAWYER."

The complaint alleges that the dam mentioned in such instrument was removed in June, 1869; that thereafter, and before this action was commenced, due demand of payment of the money mentioned in such instrument was made at the house of the defendant; and that "there is now due the sum of fifty dollars on said note," for which sum and costs of suit the plaintiff demands judgment.

The defenses, so far as it is necessary to state them, are, 1. That the dam had not been removed; and 2. That at the time such instrument was executed, there was an agreement made between the parties, to the effect that, should the defendant

sell his land affected by the dam, before anything became due on such written instrument, the plaintiff agreed to deliver up the instrument to be cancelled; and that the defendant did sell such land in 1866, gave the plaintiff notice thereof, and demanded a surrender of the instrument, but the plaintiff refused to surrender it.

On the subject of the removal of the dam, the testimony introduced on the trial before the referee is conflicting. It appeared that at about the time mentioned in the complaint, fifty feet of the dam (the whole structure being over 200 feet in length) was removed at the point where the same crossed the natural channel and bed of the river, with the exception of a few timbers and stones, which were removed the next year and after this action was commenced. The testimony on the part of the plaintiff tends to show that the dam was so far removed in the spring of 1869, that it ceased to obstruct the flow of water in Rock River, at any stage, to the injury of the defendant's land. The testimony on the part of the defendant tends to show that, in times of high water, the remaining portions of the dam so obstruct the natural flow of the water as to cause it to set back upon such land. The referee found that the evidence proves, "that on or about the 19th day of April, 1869, the dam across Rock River at Horicon was removed by the plaintiff, so that the same does not obstruct the flow of water in said river, at any stage, to the injury of said defendant's land."

It appears that due demand of payment of the money mentioned in the instrument in suit was made in August, 1869, and the referee so found. The referee found, as a conclusion of law, that there was due, at the date of his report (December 16th, 1872), from the defendant to the plaintiff, on such instrument, the sum of $61.52. Judgment was subsequently rendered on such report.

The allegations of the answer in respect to the agreement for the surrender and cancellation of the instrument in suit, in the

contingency that the defendant should sell his land before a certain time, are not proved, and the report of the referee is si lent upon that subject. But testimony was introduced, and received without objection, to the effect that the parties agreed, at the time the original bargain was made, and before the in-strument in writing was executed, that if the defendant sold his land, the plaintiff would accept, in place of his written agree-ment upon which this action is predicated, that of his grantee; that the defendant sold such land in 1866 to one Wilhelm, and tendered to the plaintiff the written agreement of said Wil-helm, and demanded the surrender of the one in suit. The plaintiff refused to accept the one, or surrender the other. The instrument so tendered is as follows: "BURNETT, Dec. 3d, 1866. For value received, I promise to pay to *Hiram Sawyer* or or-der, the sum of fifty dollars, without interest, payable when the suit now pending between the Horicon Iron Manufacturing Company and the owners of the land flowed by the raising of the dam at Horicon shall be settled, provided that the water shall be drawn off, or the flowage negotiated, by means of a power of attorney granted to *Ira Hodge* by said *Sawyer* for that purpose. HENRY WILHELM." Indorsed, "HIRAM SAWYER, without recourse."

No specific exception was taken to the omission by the ref-eree to find those facts; and leave to amend the answer, so as to make it conform to the facts proved in this behalf, was not asked or given.

*H. W. Sawyer*, for appellant:

1. The oral agreement by plaintiff to accept the obligation of defendant's grantee in place of defendant's own was valid and binding upon him. *Martineau v. May*, 18 Wis., 54; *Ha-good v. Swords*, 2 Bailey (Law), 305; COLLAMER, J., in *Bradley v. Bentley*, 8 Vt., 243; *Crossman v. Fuller*, 17 Pick., 174; *Low v. Treadwell*, 3 Fairf., 445; *Chester v. Bank of Kingston*, 16 N. Y., 336; *McNaught v. McClaughry*, 42 id., 22; *Wright v. Weeks*, 25 id., 153; *Dana v. Munson*, 23 id., 564; *Chouteau v. Suydam*,

Hodge vs. Sawyer.

21 id., 179; *Cardell v. McNiel*, id., 337; *Hunt v. Adams*, 6 Mass., 519; *Barker v. Prentiss*, id., 434; *McCreary v. McCreary*, 5 Gill & Johns., 147; *Witbeck v. Waine*, 16 N. Y., 532. Though not well pleaded, proof of this agreement was received without objection; and it is too late now for plaintiff to object on that ground. *McKee v. Nelson*, 4 Cow., 355; *McMeckam v. Brown*, 6 Mart. N. S. (La.), 85; *Belknap v. Sealey*, 14 N. Y., 148. The tender of the note of defendant's grantee was a satisfaction of the contract in suit. *Des Arts v. Leggett*, 16 N. Y., 582; *Hagood v. Swords*, 2 Bailey (Law), 305; *Babcock v. Hawkins*, 23 Vt., 561; 2 Story on Con., § 982; *Anderson v. Highland Turnpike Co.*, 16 Johns., 85; *Coit v. Houston*, 3 Johns. Cases, 243. 2. The contract required the removal of the entire dam, and this condition plaintiff has not fulfilled. If he wished to protect himself against this necessity, he should have provided for it in the contract. *Kellogg v. Nelson*, 5 Wis., 125; *Oakley v. Morton*, 1 Kern., 25; *Beatson v. Schank*, 3 East, 233; *Atkinson v. Ritchie*, 10 id., 530; *Inman v. Western Fire Ins. Co.*, 12 Wend., 452; *Champlin v. Rowley*, 13 id., 258. Though the court should hold this condition satisfied by a removal of the dam to such an extent as to pass the water freely at all stages, plaintiff cannot recover upon the evidence. This was a condition precedent, and the same not having been performed, defendant was entitled to judgment. *Kellogg v. Nelson*, 5 Wis., 125; *Warren v. Bean*, 6 id., 120; *Champlin v. Rowley*, 13 Wend., 258; *Baker v. Higgins*, 21 N. Y., 397; *Catlin v. Tobias*, 26 id., 217; *McMillan v. Vanderlip*, 12 Johns., 165; *Thorpe v. White*, 13 id., 53; *Jennings v. Camp*, id., 94; *Paige v. Ott*, 5 Denio, 406; *Pisko v. Baxter*, 4 Coms., 360; *Pullman v. Corning*, 5 Seld., 93; *Cunningham v. Jones*, 20 N. Y., 486; *Harmony v. Bingham*, 12 id., 99; *Mead v. Degolyer*, 16 Wend., 632; *Tipton v. Feitner*, 20 N. Y., 423; *Wolfe v. Howes*, id., 197; *Cunningham v. Morrell*, 10 Johns., 203; *Read v. Moor*, 19 id., 337; *Lantry v. Parks*, 8 Cow., 63; *Monell v. Burns*, 4 Denio, 121; *Ketchum v. Evertson*, 13 Johns., 359; *Smith v. Brady*, 17 N. Y., 173; *Ellis v. Hamlen*,

3 Taunt. 52. And it can make no difference that the part not performed was trivial. *Kellogg v. Nelson,* 5 Wis., 125; *Catlin v. Tobias,* 26 N. Y., 222. 3. The complaint asked judgment for only $50 and costs, and plaintiff was not entitled to interest. *Pains v. Trumble,* unreported, 2 Greenl. Ev., § 260.

*L. T. Freibert* (with *Gillet & Taylor,* of counsel), for respondent:

The only question involved is, whether plaintiff removed the dam, or caused it to be removed, in the manner contemplated by the parties in their written agreement. The injury suffered by defendant through the maintenance of the dam, was the flowage of his lands; and the benefits to be derived by him from the removal of the dam, and which formed the consideration of his promise, were the removal of the water from such lands and the cessation of the flowage. All that he could ask then, in fulfillment of the contract, would be the removal of the dam to such an extent as no longer to injure his lands. The finding of the referee upon this point was, that the plaintiff had so removed the dam; and this finding is supported by a great preponderance of evidence. Defendant has tried the case upon this issue and has thus shown it to have been his understanding of the contract; and it is now too late for him to take the broader ground that the dam must be entirely removed, or so removed that no one owning land above it upon the stream shall be injured thereby.

LYON, J. I. It becomes necessary at the outset to determine the true construction of the instrument upon which this action is brought. The sum mentioned therein is, by the terms of the instrument, made payable on demand after the dam shall be removed, or after the defendant shall recover his damages caused by the dam. The reasonable construction of this language, and the one which obviously effectuates the true intent and meaning of the parties thereto, is, that the money is payable on demand, whenever the defendant shall have recov-

ered the damages sustained by him by means of the erection and maintenance of the dam, or when the cause of such damages, to wit, the dam, shall have been removed so that he will no longer be injured thereby. The only injury the defendant was suffering by reason of the maintenance of the dam, when he executed the instrument in suit, was that caused by the flowing of his land; and it must necessarily follow that if the structure was so far abated that it ceased to cause such flowing, the condition precedent, in that particular, to the right of recovery upon the instrument, was performed. Hence, the position that the whole structure must be removed before the plaintiff can maintain his action, is not tenable. The conclusions of law, as found by the referee, are based upon the construction of the contract here indicated, and to that extent, at least, must be upheld.

II. The learned counsel for the defendant argued with much earnestness and ingenuity, that the finding of the referee, which was approved by the court, that the dam was removed in April, 1869, so that the same no longer obsructed the flow of water in the river to the injury of defendant's land, is not supported by the evidence. No useful purpose will be accomplished by recapitulating here the testimony bearing upon the subject matter of such finding. It is quite voluminous and conflicting. We have examined the whole case carefully, and are impelled to the conclusion that this finding is sustained by a fair preponderance of the testimony.

III. The alleged right of the defendant to substitute the contract or undertaking of his grantee for his own is not, or rather the facts upon which such right is claimed are not, fully set out in the answer. But, inasmuch as the testimony on that branch of the case was received without objection, if it proves a valid defense to the action, no good reason is perceived why the answer may not be amended, if necessary, even after judgment, so that the averments therein may conform to the facts proved.

The agreement of the plaintiff to accept the contract of the grantee of the defendant and surrender the instrument in suit, was a verbal one, and was made before the defendant executed such instrument. Many authorities have been cited to show that such agreement was valid and binding upon the plaintiff. We do not find it necessary to pass upon this question, because we think that, admitting it to be a valid agreement, the plaintiff was not bound to accept the contract signed by Wilhelm, which was tendered to him. And this for two reasons: 1. The plaintiff was clearly entitled to a contract from Wilhelm containing the same provisions as are contained in the contract of the defendant. But the Wilhelm contract contains a provision or condition not found in the other, to the effect that the money shall not be payable until a certain lawsuit therein mentioned is settled. 2. But a more serious objection to the Wilhelm contract is, that the defendant, and not the plaintiff, is named therein as promisee. It is not a promissory note, because it is payable only on the happening of a contingency. It is a mere chose in action, and is not negotiable, although it contains the words "or order." At the common law the plaintiff could not maintain an action upon it in his own name, although he might do so under our code; yet to such action Wilhelm might successfully interpose any defense which would be available to him in an action brought upon it by the defendant. The law does not require the plaintiff to take the risk of having his remedy on the substituted contract thus defeated. He is clearly entitled to a contract or agreement executed by the grantee of the defendant, in which he (the plaintiff) is named as the promisee.

IV. The complaint does not demand interest, but the referee allowed interest to the plaintiff from August, 1869, the date of the demand. Under proper pleadings there can be no doubt that the plaintiff is entitled to interest from that date. Without stopping to determine whether, under the complaint, interest can properly be allowed before the action was commenced,

it is sufficient to say that the complaint is amendable in this particular, after judgment, and the irregularity (if it be one) is no ground for a reversal or modification of the judgment.

It is believed that the foregoing observations dispose of all the questions in the case argued by counsel, and all that are worthy of consideration.

*By the Court.*— The judgment of the circuit court is affirmed.