Burke, Ex., v. Snell.

## BURKE, EX., v. SNELL.

1. AMENDMENTS: *When allowed.*

Additional pleadings to correspond with the issues established by the evi- dence may be filed after the case has been argued to the jury.

2. EVIDENCE: *Satisfaction of mortgage on the record.*

The indorsement on the record by the mortgagee, of satisfaction of a mortgage, is *prima facie* evidence of the extinguishment of the debt, as well as of the security, and the burden of showing the contrary is upon the creditor; but a cotemporaneous indorsement by him on the original mortgage, of only part satisfaction is admissible to explain the record entry.

3.   INSTRUCTIONS:   *Must be applicable to the evidence.*

It is error to give an instruction upon a state of facts not in evidence.

APPEAL from *Nevada* Circuit Court.

Hon. G. B. DENISON, Special Judge.

*Smoote & McRae* for appellant.

1.   The court erred in permitting appellee to file their second answer pleading payment, after the testimony had been concluded and the argument of counsel made, and in remarking in the presence of the jury, that evidence had been introduced to sustain two defenses, accord and satisfaction and payment. *Secs. 4611 to 4624, Gantt's Digest; Const., art. 7, sec. 24.*

2.   The first instruction for appellee was abstract and misleading. *16 Ark., 617; 23 Ib., 289.*

3.   The second instruction for appellee should not have been given. A mortgage or deed of trust may be fully satisfied as to the property conveyed, by applying the whole of it, or its proceeds, to the debt, without fully discharging the debt itself. *Herman on Ch. Mort., sec. 170; Jones on Ch. Mort., sec. 665.*

4.   It was error to exclude the pencil memorandum on the original mortgage, and to admit the record entry of the satisfaction of the mortgage.

SMITH, J.   This was an action against John E. Snell on a promissory note for $272.93, made by him and Stephen A. Snell, May 28, 1875, and credited January 26, 1876, with $132.15. Before answer filed, Burke, the plaintiff, who was the payee and holder of said paper, died, and the cause was revived in the name of his executrix. The defendant pleaded that in July, 1875, Burke had accepted the individual note of Stephen A. Snell, secured by deed of

trust, in full satisfaction of the original debt, and had agreed to deliver up the note herein sued upon, and to release defendant, and that said deed of trust had been afterwards satisfied. The evidence wholly failed to establish the plea of accord and satisfaction, but did show that on the same day the note was made, Stephen A. Snell had executed to Burke a deed of trust upon his growing crop to secure the payment of this same note, and any future advances that might be made to the grantor therein; and that satisfaction of the deed of trust had been entered of record.

After the testimony was all in, and the case had been argued to the jury, the court suggested to the defendant's counsel, the propriety of adding a plea of payment, and a formal plea of payment was accordingly filed.

1. AMEND-MENTS: When allowed.

This was objected to below. And it is insisted here that the permitting of such a material amendment at that stage of the trial was a gross abuse of the court's discretion.

The primary object of the Code is the trial of causes upon their merits, and that the rights of suitors shall not be sacrificed to technical mistakes, omissions or inaccuracies. To this end the provisions for amendment are exceedingly broad and liberal.

" The court may at *any time*, in furtherance of justice, and on such terms as may be proper, amend any proceedings or pleadings by adding or striking out the name of any party, or by correcting a mistake in the name of any party, or a mistake in any other respect, by inserting other allegations material to the case ; or when the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved." *Gantt's Digest, sec. 4616.*

" No variance between the allegation in a pleading and

the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be shown to the satisfaction of the court, and it must also be shown in what respect he has·been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just." *Ib., sec. 4611.*

" The court must in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." *Ib., sec. 4619.*

Accordingly, under similar provisions elsewhere, the courts have determined that when testimony is introduced without objection, tending to prove a different issue from that made in the pleadings, the pleadings may, even after the trial, be amended to conform to the proof. *Catron v. Shepherd, 8 Neb., 308; Hodge v. Sawyer, 34 Wis., 397; Bowman v. Van Kuren, 29 Ib., 209; Bullard v. Johnson, 65 N. C., 436; Robinson v. Willoughby, 67 Ib., 84; Oates v. Kendall, Ib., 241.*

2. EVIDENCE    On the trial the defendant procured from the plaintiff
Satisfac-
tion of and read in evidence the original deed of trust. Upon this
mortgage. was the following indorsement in the handwriting of the beneficiary :

" Settled in full on record for the cotton called for.

                                              "F. BURKE."

The court first admitted this memorandum to be read, and afterwards excluded it; and its action in this respect is assigned as error. The admission of a writing involves the admission of all self disserving indorsements thereon made by the holder. Whether an entry is self-serving or

the opposite depends often on the time when it is made. *Wharton on Ev., pp. 619, 1103, 1135.*

Thus, if it had been shown that this memorandum had been made contemporaneously with the entry of satisfaction on the record, it might explain such satisfaction. But if made several years afterwards and recently before the commencement of this action, it would be inadmissible and a mere declaration of the interpretation placed upon a transaction by an interested party. No evidence of the time when the memorandum was made being offered, it was no error to exclude it from the jury.

The court charged, in substance, (1) that if the jury should find from the evidence that the new note and mortage set up in the plea of accord and satisfaction had been made, their verdict should be for the defendant; and (2) that the record entry noting the satisfaction of the trust deed was in the nature of a receipt for the debt secured thereby, and *prima facie* evidence of its full payment.

2. INSTRUC-
TIONS:

Must be
applicable
to evidence

The first instruction was abstract and misleading. There is no evidence in the bill of exceptions of but one note and one deed of trust; and these were both executed on the same day. It is error to give an instruction with reference to a state of facts not in evidence. *Owens v. Chandler, 16 Ark., 651; Morton v. Scull, 23 Ib., 289; Thompson v. Bertrand, Ib., 730; Thompson's Charging the Jury, p. 62.*

The second instruction was substantially correct. An acknowledgment by a mortgagee of having received satisfaction in full of the mortgage, entered on the record, *prima facie* imports extinguishment of the debt as well as of the security, and the burden of showing the contrary rests upon the creditor.

But for the error aforesaid, the judgment is reversed, and a new trial awarded.