DICKERSON v. HAMBY.

Opinion delivered October 24, 1910.

1. PLEADING—SUFFICIENCY.—In determining the sufficiency of any pleading, whether of cause of action or of defense, every fair and reasonable intendment must be indulged in to support such pleading. (Page 166.)

2. SAME—REMEDY FOR DEFECTIVE AVERMENTS.—Where the averments of an answer are incomplete, ambiguous or defective, the remedy is a motion to make them more definite and certain. (Page 166.)

3. SAME—ANSWER—DEMURRER.—An answer is not demurrable if the facts stated, with every reasonable inference to be drawn therefrom, constitute a good defense. (Page 166.)

4. SAME—PLEA OF NO CONSIDERATION—SUFFICIENCY.—A plea of no consideration, without stating the circumstances attending the execution of the contract sued on, is a sufficient defense; but such plea is demurrable where the answer also sets out the facts attending the execution of the written contract sued on and these facts, by reasonable intendment, do not constitute a valid defense. (Page 166.)

5. BILLS AND NOTES—FAILURE OF CONSIDERATION.—An answer, in a suit against the makers of two notes, which by reasonable intendment alleges that the notes were executed upon condition that if the makers should be indicted for murder the payees would defend them in the circuit court and, if necessary, in the Supreme Court, and that this was the sole consideration, and that the makers had not been indicted, states a good defense. (Page 167.)

6. PLEADING—AMENDMENT.—As a general rule; it is a matter of course to permit parties to amend their pleadings upon a demurrer thereto being sustained and before trial. (Page 167.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; reversed.

*McMillan & McMillan,* for appellants.

1. The court erred in sustaining the demurrer to the substituted answer. A plea of no consideration is good without stating the circumstances attending the execution of the contract sued on. 34 Ark. 172; 6 Ark. 412; 10 Ark. 273; 11 Ark. 308; 15 Ind. 15; 60 Barb. 346; Newman's Pl. & Pr., 543; 31 Ark. 657; 60 Ark. 612. In the making of a contract between an attorney and client, the law recognizes that the attorney has an advantage over the client, and places on him the burden to show the fairness of the transaction, and the adequacy of the consideration. 73 Ark. 580; 31 Am. Rep. 24, 25.

2. It was error to refuse leave to appellants to amend their substituted answer so as to read like the original answer, and it was error to strike the original answer from the files. Kirby's Digest, § § 5991, 1282 and 6098; 87 Ark. 211; 94 Ark. 27; 94 Ark. 365; Kirby's Digest, § 6145; 42 Ark. 59; 64 Ark. 257; 29 Ark. 323; 53 Ark. 263; 58 Ark. 504; 59 Ark. 317.

*W. V. Tompkins* and *Hamby & Haynie,* for appellees.

FRAUENTHAL, J. This was an action at law instituted by the appellees for the recovery of two notes. One of the notes was for the sum of $400, and the other was for $500; and the appellees alleged that appellants had paid $200 on the former note. The appellants filed an answer, in which they alleged that they were arrested upon the charge of having committed the crime of murder in the first degree, and that they employed the appellees, who were attorneys at law, to represent them in the defense of said charge; that after appellees had accepted the employment they told the appellants that they would be indicted for the crime of murder in the first degree, and tried in the circuit court upon such indictment, and, relying upon said statement and in consideration that appellants would defend them against said charge in all courts to which the same might be carried, they executed the said notes; that appellants were not indicted, but the said charge against them was dismissed by the grand jury; and that they had received no consideration for said notes. They further alleged that one of the appellees

came to them at the jail, at their request, while the charge against them was pending in the examining court, and agreed to represent them in that court for $110, and that appellants paid to appellees that sum for that service; that appellees told them they would be indicted upon said charge, and the appellants desired to know of them what they would ask to represent them in all the courts upon said charge; that appellees then stated they would make it satisfactory with them; that after they had, through their attorneys, the appellees, announced ready for trial in the examining court, the appellees called them into an adjoining room, and for the first time presented the notes herein sued on and asked them to sign same; that they refused at first to sign them, and told appellees they were taking advantage of them, but because they had no opporunity to then secure other attorneys and because of the undue influence exerted by the appellees upon them, they signed the notes; that some three months thereafter they paid to appellees $200 upon the representation made by appellees that they would be indicted, and should prepare for the trial upon the indictment that would be returned.

To this answer the appellees filed a reply, and thereupon the cause proceeded to a trial before a jury, which resulted in a mistrial. The appellees then filed a motion to transfer the cause to the chancery court upon the ground that the answer alleged matters in defense that were only cognizable in a court of equity. Thereupon appellants withdrew the above answer, and filed a substitued answer. In this substituted answer the appellants pleaded that the notes were executed without any consideration therefor. They alleged that they were under arrest upon a charge of murder in the first degree, and that they executed said notes upon the sole consideration that appellees would defend them in the circuit court against said charge in event an indictment should be returned against them and also in the Supreme Court in event they should be convicted in said circuit court upon said charge; and they alleged that no indictment was returned against them, and that therefore appellees did not, and had no occasion to, so defend them.

To this answer the appellees filed a demurrer, which was by the court sustained. The appellants then asked permission

to amend said substituted answer by inserting therein averments that the notes were obtained by fraud; and the court refused to permit them to so amend their answer upon the ground that the allegations of fraud had been made in appellant's original answer, and that they had withdrawn said answer upon the announcement of the court that it would sustain the appellee's motion to transfer the case to the chancery court because said answer set up an equitable defense. The appellants then filed the original answer by way of amendment of the substituted answer, and asked that the cause be transferred to the chancery court. This answer was stricken from the files by the court; and upon permission being asked by appellants the court refused to allow them to file any further pleading. Thereupon the court rendered judgment for the amount due on said notes.

In determining whether a pleading, complaint or answer makes sufficient allegations to constitute a cause of action or to state a defense, every fair and reasonable intendment must be indulged in to support such pleading. If the averments are incomplete, ambiguous or defective, the proper mode to obtain correction is by motion to make the allegations more definite and certain. If the facts stated in the answer, with every reasonable inference that may be drawn therefrom, constitute a good defense, the demurrer thereto should be overruled. *Cazort & McGehee Co.* v. *Dunbar,* 91 Ark. 400; *Cox* v. *Smith,* 93 Ark. 371.

In the substituted answer filed by the appellants the defense of no consideration was in effect set up. It has been held by this court that a plea of no consideration, without stating the circumstances attending the execution of the contract sued on. is a defense sufficiently set up. *Dickson* v. *Burks,* 6 Ark. 412; *Cheney* v. *Higginbotham,* 10 Ark. 273; *Dickson* v. *Burks,* 11 Ark. 308; *Catlin* v. *Horne,* 34 Ark. 169; *Taylor* v. *Purcell,* 60 Ark. 612; 4 Ency. Plead. & Practice, 945.

But such plea may be demurrable where the answer also sets out the facts attending the execution of the written contract sued on, and those facts do not, with every fair and reasonable inference that may be drawn from them, constitute a valid defense. *Henderson* v. *Farrally,* 16 Ill. 137.

From the allegations made in said substituted answer it may be reasonably inferred that the notes were executed for the consideration that, in event the appellants should be indicted by the grand jury for the crime of murder in the first degree, the appellees would defend them against the charge made by such indictment in the circuit court, and also represent them in the Supreme Court if they should be convicted upon such trial; that this was the sole consideration of said notes; that the above event had not occurred, and the conditions upon which the notes had been executed had not been complied with, and that therefore there was no consideration therefor. We are of opinion that the substituted answer did set up a valid defense to the cause of action.

Inasmuch as this cause must be remanded for a new trial, we think it appropriate to say that it would be proper for the lower court to permit the appellants to amend their answer by also making the allegations set out in their original answer. The allegations of fraud perpetrated and undue influence exercised upon appellants in obtaining the execution of the notes did not change the defense, but were only a species of the plea of no consideration that was made. A refusal of leave to amend a pleading is subject to review by this court, but ordinarily the decision of the lower court refusing such leave will be sustained unless there appears an abuse of discretion under all the circumstances. It is a general rule that it is almost a matter of course to permit parties to amend their pleadings upon a demurrer thereto being sustained and before trial. Section 6095 of Kirby's Digest provides that if the court sustains the demurrer the party may amend his pleading. In the case of *Burke* v. *Snell,* 42 Ark. 57, it is said: "The primary object of the Code is the trial of causes upon their merits, and to that end the provisions for amendment are exceedingly broad and liberal." Upon the remand of this cause we think that under the circumstances of this case the appellants should be permitted, if they so desire, to amend their substituted answer by adding thereto the allegations made in their original answer. *Caldwell* v. *Meshew,* 53 Ark. 263; *Murray* v. *Boyd,* 58 Ark. 404; *Southern Ins. Co.* v. *Hastings,* 64 Ark. 253; 1 Enc. Plead. & Prac. 590.

The judgment is reversed, and the cause remanded for a new trial.