BRADLEY *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered June 28, 1920.

1. APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTIONS.—Where a judgment was rendered for defendant sustaining a demurrer to the complaint, no bill of exceptions was necessary to prosecute an appeal from such judgment, as the errors complained of appear upon the face of the judgment.

2. PLEADING—AMENDMENT.—Where, after a demurrer to the complaint has been sustained and before judgment thereon has been entered, plaintiff (1) asked leave to amend his complaint and (2) that the demurrer be considered as applying to the amended complaint, the fact that his request covered two matters should not prevent the court from granting the first request, even though the second was properly refused.

3. PLEADING—AMENDMENT.—Where a demurrer to the complaint
was sustained, and plaintiff two days later and before the judg-
ment was entered asked leave to amend his complaint, it was
error to refuse permission to amend though defendant's attorney
had gone away.

Appeal from Greene Circuit Court; *R. H. Dudley,*
Judge; reversed.

*W. W. Bandy,* for appellant.

This cause should be reversed (1) because the court
erred in refusing to allow appellant to file his amended
complaint, and (2) because the complaint states a cause
of action. Kirby's Digest, § 6095. The demurrer ad-
mits that appellant was in appellee's employ as a section
hand under the foremen of the company, and appellee neg-
ligently failed to furnish a sufficient number of colaborers
so that the required work might be performed with rea-
sonable safety to the employees engaged; that the inju-
ries resulted from such negligence. The demurrer admits
this. It was the positive duty of the master to furnish
a sufficient number of competent and proper persons to
perform the service with safety. 46 Pa. 374-6; 116 U. S.
642; Labatt on Master and Servant, § 204; 82 S. W. 808.
The question as to whether a servant comprehends the
danger is one for the jury. Labatt on M. & S., §§ 270-1,
and note 1; 53 Ark. 117. If the servant did not know the
danger, it was the duty of the company to have notified
him, and on failure the company was liable. 106 Ark. 25.
The servant did not assume the risk of the master's neg-
ligence unless the danger is so impending and obvious
that an ordinarily prudent person would not undertake
the risk, and that is a question for a jury. 102 Ark. 562;
118 *Id.* 49; 77 *Id.* 367. As to whether the employee as-
sumes the risk is one of fact for a jury. 96 Ark. 387; 88
*Id.* 548; 37 N. W. 823-5; Labatt on M. & S., § 205.

*Troy Pace* and *Gordon Frierson,* for appellee.

No bill of exceptions was filed in the case. The mo-
tion for a *nunc pro tunc* order was properly overruled,

as its purpose was not to supply any omission from the record but to make the record speak what plaintiff contends it should have spoken. The motion or application comes squarely within the rule in 87 Ark. 438. This power can never be used to make the record speak what it should have spoken, but what it did not in fact speak. 40 Ark. 224; 78 *Id.* 364; 93 *Id.* 234. This is a collateral attack on a judgment and comes within the rule that a judgment can be collaterally attacked only for want of jurisdiction which must be shown by the record itself. 114 Ark. 551; 105 *Id.* 5; 101 *Id.* 39; Black on Judgm. (2 ed.), § 245.

2. The complaint does not state facts sufficient to constitute a cause of action. 82 S. W. 208; *Stenoog* v. *Ry. Co.,* 25 L. R. A. (N. S.); 11 Negl. Cases Ann. 646. There were no latent dangers in the article or the tools or in the manner of work. 35 Ark. 602; 57 *Id.* 503; 86 *Id.* 289; 91 *Id.* 260; 108 *Id.* 483; 113 Id. 60.

HUMPHREYS, J. Appellant instituted suit against appellee in the Greene Circuit Court, under the provisions of the Federal Employers' Liability Act, to recover damages in the sum of $3,000, on account of injuries to the arches of his feet, occasioned by loading heavy rails for shipment, resulting from the alleged negligent failure of appellee to furnish sufficient hands to perform the work with safety to the employees engaged therein.

The sufficiency of the complaint was challenged by demurrer of appellee.

The court sustained the demurrer over the objection and exception of appellant. About two days thereafter, at the same term of court, appellant asked permission to file an amended complaint and to treat the demurrer as having been filed to it. Attorney for appellee had gone when the request was made. The court denied the request, to which ruling appellant excepted. Prior to the adjournment of court in course, the court entered an order sustaining the demurrer to the original complaint,

in which it was recited that appellant refused to plead further in the action, whereupon the complaint was dismissed, at appellant's cost, to which ruling of the court, the appellant at the time excepted and prayed an appeal to the Supreme Court, which was granted, providing in the order that 120 days was allowed appellant in which to file his bill of exceptions. No bill of exceptions was filed.

On the 11th day of March, at the regular March, 1920, term of court, appellant filed a motion for a *nunc pro tunc* order of the court to correct the judgment entry made at the October term, 1919, of court, so as to show that he offered to file an amended complaint two days after the demurrer was sustained to his original complaint, and before the judgment sustaining the demurrer to the original complaint and dismissal thereof was entered of record, which request was denied over the objection and exceptions of appellant.

The motion for a *nunc pro tunc* order was overruled by the court, to which ruling appellant at the time excepted and prayed an appeal to the Supreme Court, which was granted.

A transcript embracing the proceedings from the inception of the suit was filed in this court on March 26, 1920, within six months from the judgment sustaining the demurrer to and dismissing the original complaint.

It is insisted by appellee that, because no bill of exceptions was filed by appellant within 120 days from the rendition of the original judgment at the October, 1919, term of court, no appeal is, or can be, prosecuted from it; that the only appeal before the court is from the judgment refusing to issue a *nunc pro tunc* order at the March, 1920, term of said court; that, for that reason, the appeal from the judgment refusing to issue a *nunc pro tunc* order is a collateral attack upon the judgment rendered at the 1919 term of said court, and that said latter judgment is not subject to collateral attack. We can not agree with learned counsel for appellee in this contention. No bill of exceptions was necessary in order

to prosecute an appeal from the original judgment. The case went off on demurrer. The errors complained of will appear on the face of the record, if it was error on the part of the court to refuse to enter the *nunc pro tunc* order requested by appellant at the subsequent term of court.

It is insisted by appellant that the court erred in refusing to enter the *nunc pro tunc* order correcting the original judgment so as to show that, before the order was entered sustaining the demurrer to his original complaint, he offered to file an amended complaint, which request was denied over his objection and exception. The request was made only two days after the order was made sustaining the demurrer and at the same term of the court. It is true it was accompanied by a request that the demurrer to the original complaint be treated as a demurrer to the amended complaint. The latter request might easily have been denied and the first granted. The mere fact that the request was a joint one, or covering two matters, did not prevent the court from granting one and refusing the other. The fact that the attorney for appellee had gone was no reason why appellant should be denied the right of filing an amended complaint within so short a time after a demurrer had been sustained to his original complaint. Appellant should have been permitted to file the amended complaint with reasonable opportunity to appellee to plead thereto. The provision for amendments to pleadings, under the statutes of this State, is liberal. It is provided in section 6095 of Kirby's Digest that "If the court sustains the demurrer, the plaintiff may amend, with or without costs, as the court may order." It was said, in the case of *Burke* v. *Snell*, 42 Ark. 57, that "The primary object of the Code is the trial of causes upon their merits, and to that end the provisions for amendments are exceedingly broad and liberal;" and, in the case of *Dickerson* v. *Hamby*, 96 Ark. 163, that "It is a general rule that it is almost a matter of course to permit parties to amend their pleadings upon a demurrer

thereto being sustained and before trial.'' Treating the amendment of pleadings as a matter within the sound discretion of trial courts, we think the court erred in denying. appellant the privilege of filing an amended complaint in the instant case, and in dismissing his complaint after an offer by him to file an amended complaint.

The demurrer also challenges the sufficiency of the original complaint, but we deem it unnecessary to pass upon that, as appellant has requested the privilege of filing an amended complaint.

For the error indicated, the judgment is reversed and the cause remanded with instructions to reinstate the cause, correct the original judgment to reflect the facts, to permit appellant to file an amended complaint, and for further proceedings not inconsistent with this opinion.

