ROBERTSON *v.* ROBERTSON.

5-1282                                                   302 S. W. 2d 810

Opinion delivered June 10, 1957.

*Eugene M. Munger,* St. Louis, Mo., and *Langston &
Walker* and *Wayne Foster,* for appellant.

*George M. Booth* and *John L. Bledsoe,* for appellee.

Ed. F. McFaddin, Associate Justice. This is an appeal by the plaintiff from a decree in which the Trial Court, *sua sponte,* dismissed the entire case without hearing any evidence.

On July 27, 1956, the complaint was filed in the Chancery Court. The plaintiffs were (a) M. O. Robertson, individually, and (b) Mary Etta Robertson, a minor, by M. O. Robertson, her father and next friend. The defendant was Opal Robertson, who is the divorced wife of M. O. Robertson and who is the mother of Mary Etta Robertson. The complaint attempted to state three separate causes of action, to-wit: (1) Mary Etta Robertson, a minor, acting by her father and next friend, M. O. Robertson, joined him in asking that the Court set aside a deed that M. O. Robertson had executed in 1947 to Mary Etta Robertson and Opal Robertson, her mother, in which was conveyed forty acres of land in Craighead County; (2) Mary Etta Robertson, by her father and next friend, sought to have a Receiver appointed for the said forty acres of land and have an accounting from Opal Robertson for Mary Etta Robertson's half of all rents and revenues collected by Opal Robertson from the entire forty acres of land from 1947 to 1956; and (3) M. O. Robertson individually sought to set aside the said deed that he had executed to Opal Robertson in 1947, conveying the said forty acres.

As aforesaid, the Chancery Court, *sua sponte,* dismissed all three causes of action, without hearing any evidence. The correctness of the dismissal will be considered regarding each cause of action.

I. *The First Cause of Action.* The first cause of action was that of Mary Etta Robertson, acting by her

father and next friend, M. O. Robertson, to cancel and set aside the deed that M. O. Robertson had executed in 1947 in which the grantees were Mary Etta Robertson and Opal Robertson. The Chancery Court was absolutely correct in refusing to allow M. O. Robertson to act as next friend for Mary Etta Robertson in this cause of action, because the complaint showed on its face that M. O. Robertson's interests were adverse to those of Mary Etta Robertson. He had executed a deed conveying to Mary Etta Robertson an undivided one-half interest in the land for love and affection to his said daughter. She is still a minor and her father has her custody and control. Thus, the complaint affirmatively showed that setting aside the said deed would not be for the best interest of the said minor. Section 27-823 Ark. Stats. says:

"The action of an infant must be brought by his guardian or his next friend. Any person may bring the action of an infant as his next friend; *but the court has power to dismiss it if it is not for the benefit of the infant,* or to substitute the guardian of the infant, or another person, as the next friend. (Civil Code, § 46; C. & M. Dig., § 1111; Pope's Dig., § 1327)." (Italics our own.)

In *Wood* v. *Claiborne,* 82 Ark. 514, 102 S. W. 219, in considering this Statute, we said:

"Our Statute provides that 'any person may bring the action of an infant as his next friend; but the court has power to dismiss it if it is not for the benefit of the infant, or to substitute the guardian of the infant, or another person, as the next friend.' "

See also 27 Am. Jur. 839. As to setting aside the deed, M. O. Robertson's personal interests were hostile and adverse to the interests of Mary Etta Robertson because he had made the deed to her for love and affection. There was no money consideration to be recovered: setting aside the deed would merely deprive her of one-half interest in the forty acres of land. The Trial Court could have appointed some other person to act as next friend, or could —as it did in view of the other causes of action in the complaint—dismiss the attempt by M. O. Robertson to act

as next friend of Mary Etta Robertson in any effort to set aside the deed.

Therefore, as to the effort of M. O. Robertson to act as next friend of Mary Etta Robertson in an attempt to set aside the deed, the Trial Court was correct in dismissing the said first cause of action.

II. *The Second Cause of Action.* Mary Etta Robertson, by her father and next friend, M. O. Robertson, sought an accounting from Opal Robertson for Mary Etta Robertson's half of all the rents and revenues collected by Opal Robertson for the forty acres of land from 1947 to 1956. The complaint alleged that M. O. Robertson had the custody and control of his said daughter, Mary Etta Robertson, a minor; and the complaint also alleged:

"Seventh: And comes M. O. Robertson, as father, next friend, and natural guardian of the above named minor and states and alleges for and on behalf of said minor that immediately upon the execution of said deed, the Defendant Opal Robertson took possession of said real estate and continuously since has exercised exclusive proprietorship thereof; and that she has failed, refused, and neglected to account to the minor, Mary Etta Robertson, for any part of the income, rents or profits therefrom; that during the years 1947, 1948, and 1949 this defendant collected for each year approximately $850.00, said land being rented for crop rent; that for the year 1950, she rented the same for $1,000.00 in cash; for each of the years 1951 and 1952 the sum of $1,200.00 cash and for the years 1953, 1954, 1955, and 1956 each the sum of $1,000.00, a total in rents collected by said Defendant of $9,950.00, which far exceeds the value of the real estate.

"Eighth: The plaintiffs allege that the Defendant is a non-resident of the State of Arkansas . . .

"Ninth: Plaintiffs allege that the non-resident Defendant is insolvent; that matters and things herein involved require accounting; that they have no proper and adequate remedy at law.

"Tenth.: Plaintiffs further allege that the Defendant has rented said lands to one Gerald Nall for the crop year, 1956, and possibly for future years, for which said tenant has agreed to pay the sum of $1,000.00; that a receiver should be appointed forthwith to collect said rents, and to manage, rent, pay taxes, and do such other things as may become necessary during the pendency hereof."[1]

The Chancery Court was in error in dismissing this second cause of action. Equity has jurisdiction of matters of account that are intricate or complicated. *Trapnall* v. *Hill,* 31 Ark. 345; *State* v. *Churchill,* 48 Ark. 426, 3 S. W. 352-880; *Rogers* v. *Yarnell,* 51 Ark. 198, 10 S. W. 622; and *Ferguson* v. *Rogers,* 129 Ark. 197, 195 S. W. 22. If the Chancery Court concluded that the accounting desired in this case was not sufficiently intricate or complicated to justify equity jurisdiction, then the Court should have transferred the cause of action to law. (Section 27-208 Ark. Stats.; *Grooms* v. *Bartlett,* 123 Ark. 255, 185 S. W. 282; and *Simmons* v. *Turner,* 171 Ark. 96, 283 S. W. 47.) At all events, the cause of action should not have been dismissed since the complaint did not show on its face—and there was no other showing to so indicate—that M. O. Robertson was acting other than *bona fide* as next friend of Mary Etta Robertson in this matter of accounting.

---

[1] The complaint was filed on July 27, 1956; and on August 13, 1956 the Chancery Court, by written stipulation and agreement of the parties, appointed a Receiver to take charge of the land. The order appointing the Receiver reads as follows: "On this 13th day of August, 1956, the same being a regular adjourned day of the above styled Court, came on for hearing Petition of Plaintiffs for the Appointment of a Receiver herein, and came the Plaintiffs by their attorneys, Eugene M. Munger and Denver L. Dudley, and came the Defendant by her attorney, George M. Booth; and by written stipulation and agreement of the parties filed in open Court, and the Court being well and sufficiently advised in the premises: IT IS CONSIDERED AND ORDERED that Ned Fraser be and he is hereby appointed Receiver herein to take charge of any proceeds that may be due either of the parties from the lands described in the complaint herein, to issue his receipt therefor, and to keep same until the further order of this Court; and the said Ned Fraser is further ordered and directed and he is hereby empowered to do all such things as may become necessary as such Receiver, including the payment of taxes, and the renting of said lands, subject to the approval of this Court."

In view of the foregoing, we hold that the Chancery Court was in error in dismissing *sua sponte* the cause of action relating to the accounting. The decree involving that phase of the case is reversed and the cause is remanded, with directions to reinstate the suit for accounting and proceed in a manner not inconsistent with this opinion.

III. *The Third Cause of Action.* M. O. Robertson, as an individual, sued Opal Robertson and sought to set aside the deed he had executed in 1947 wherein he conveyed to Opal Robertson an undivided one-half interest in the forty acres of land. He alleged that he had executed the deed to settle the property rights between himself and his wife, Opal Robertson. The complaint also alleged:

"Fifth: Plaintiff, M. O. Robertson, alleges that his marriage to the Defendant was null, void and of no effect; as well as later purported marriage contracted at Paragould, Arkansas, on November 17, 1951; that at the time of contracting marriages with Plaintiff M. O. Robertson, Defendant was in fact the wife of one Cachwend, a living husband, a fact which said Defendant well knew but concealed from said Plaintiff and which he did not know until long after execution of said deed and remarriage of the parties. The execution of deed as before alleged, by way of property settlement, constituted fraud on the Plaintiff M. O. Robertson, was without consideration, and said deed should be set aside."

To this complaint Opal Robertson filed several defensive pleadings, consisting of a general denial and also pleas of limitation, laches, and estoppel; but when the case came for trial, the Chancery Court refused to hear any evidence, saying:

"The Court is holding that the major facts involved in allegations of the complaint are not denied by the Defendant and that by reason of the state of the pleadings the only question involved in this litigation at this point

is a question of law, therefore, the Court will not entertain the admission of testimony or other evidence.'"[2]

Thus, the Chancery Court, acting *sua sponte*, sustained a demurrer to that part of the complaint which sought cancellation of the deed, and then dismissed the complaint as failing to state a cause of action.[3] If the Chancery Court was of the opinion that the complaint failed to state a cause of action for cancellation, then the Court could have sustained a demurrer, but should have given Robertson additional time to amend his complaint before dismissing it. See § 27-1117 Ark. Stats.; *Dickerson* v. *Hamby & Haynie,* 96 Ark. 163, 131 S. W. 674; and *Bradley* v. *Mo. Pac. Rd. Co.,* 144 Ark. 604, 223 S. W. 35.

Therefore, in the state of the record before us, the decree dismissing this third cause of action is reversed and the cause is remanded, with directions to give M. O. Robertson a reasonable time to amend his complaint; and then the Court will proceed in a manner not inconsistent with this opinion.

---

[2] In finally dismissing the case, the Court said: "This is an action in which the Plaintiff seeks to set aside a deed to a tract of land which he formerly conveyed to a woman to whom he believed himself to be married at the time of the conveyance and to the child of that marriage if any marriage existed . . . Next, we consider the status of the deed of September 5, 1947, as it relates to the adult Plaintiff and the Defendant. The deed states upon its face that it was issued in consideration of $1.00 in money and in consideration of love and affection which the grantor bore at the time to the grantees. This deed is an instrument under seal and would be set aside by this Court only if it were proved, first of all if it were alleged and satisfactorily proved that the instrument was procured through fraud. The Court finds one allegation in the complaint containing the word 'fraud' to this effect, 'The execution of a deed as before alleged, by way of a property settlement, constituted fraud on the part of the Plaintiff, M. O. Robertson, was without consideration, and said deed should be set aside.' The Court holds said allegation to be completely and entirely a conclusion of law and not reinforced by the complaint by a single allegation of a fraudulent act. For the reasons stated and any other which the Court doesn't find necessary to state, the complaint will be dismissed for want of equity at the cost of the Plaintiff, M. O. Robertson."

[3] The record reflects most clearly that the defendant, Opal Robertson, wanted to try the case on her pleas because she offered various documents as going to sustain her pleas. The Court made a record of these, but refused to consider them; and summarily dismissed the complaint; without (a) giving M. O. Robertson time to amend his complaint; or (b) giving Opal Robertson a hearing on her pleas.