## U. S. FIDELITY & GUARANTY CO. *v.* Patsy Ann GLASS and Everett A. JONES, as Co-Administrators of The Estate of Arlie JONES, Deceased

76-233                                      245 S.W. 2d 924

Opinion delivered February 7, 1977
(Division I) .

*Barber, McCaskill, Amsler & Jones,* for appellant.

*Tompkins, McKenzie, McRae & Vasser,* for appellees.

FRANK HOLT, Justice. Appellant is the workmen's compensation insurance carrier for Arkansas Louisiana Gas

Company whose employee, Charles Lee Allen, was killed by a third party. Appellant paid benefits to the beneficiaries of the decedent. It then filed suit, pursuant to Ark. Stat. Ann. § 81-1340 (b) (Repl. 1976), to recover the amount of those benefits from the estate of Arlie Jones, the person allegedly responsible for Allen's death. Appellees, co-administrators of Jones' estate, filed a demurrer which the trial court sustained on the basis that appellant lacked the legal capacity to sue. The court then dismissed appellant's complaint with prejudice. Appellant asserts that the trial court erred by holding that appellant, as the insurance carrier, could not maintain its subrogation claim without having first "joined" the workmen's compensation beneficiaries.

Although the workmen's compensation carrier and the beneficiary have separate rights to institute an action against a third party tortfeasor, there is only one cause of action and it cannot be split without the defendant's consent. § 81-1340 (b); *Amos v. Stroud,* 252 Ark. 1100, 482 S.W. 2d 592 (1972); and *Winfrey & Carlile v. Nickles, Admr.,* 223 Ark. 894, 270 S.W. 2d 923 (1954). The rule against splitting a cause of action is for the benefit of the defendant to protect him from a multiplicity of suits. *St. Paul Fire & Marine Ins. Co. v. Wood,* 242 Ark. 879, 416 S.W. 2d 322 (1967). Here the appellee defendants objected to the splitting of the cause of action and, further, the complaint did not join the workmen's compensation beneficiaries, who are necessary parties. § 81-1340 (b), *supra.* Therefore, the court correctly sustained the demurrer.

We must agree, however, with appellant's contention that the court erred in refusing the appellant the opportunity to amend its complaint following its dismissal. In sustaining the demurrer and dismissing the complaint with prejudice, the court did not make any allowance for appellant to amend its complaint. Neither did the court's written order, some two weeks later, approved as to form by appellant, make any provision for the right of the appellant to amend its complaint. It is undisputed that during the hearing on the demurrer that appellant's counsel repeatedly indicated his desire to amend the compalint should the court sustain the demurrer. Ark. Stat. Ann. § 27-1117 (Repl. 1962) provides that if the court sustains a demurrer "the plaintiff may amend **** as the court may order." Appellant had the right

to amend subject to a reasonable time limitation. *Temple Cotton Oil Co.* v. *Davis,* 167 Ark. 448, 268 S.W. 38 (1925). See also *Dickerson* v. *Hamby,* 96 Ark. 163, 131 S.W. 674 (1910); and *Bradley* v. *Mo. Pac. R.R. Co.,* 144 Ark. 604, 223 S.W. 35 (1920). Here we hold dismissal of the complaint without reserving the appellant's right to amend its complaint is contrary to the provisions of the cited statute.

Reversed and remanded for proceedings not inconsistent with this opinion.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.