CITY of RUSSELLVILLE *v.* Sharon (Reynolds) HODGES

97-152                                    957 S.W.2d 690

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Dunham & Faught, P.A.*, by: *Jame Dunham*, for appellant.

*Young & Finley*, by: *Dale W. Finley*, for appellee.

W.H."DUB" ARNOLD, Chief Justice. This is a zoning case. The appellant, the City of Russellville, appeals the decision of the Pope County Chancery Court that it was estopped from enforcing its zoning ordinance due to the actions of its building official. Because we agree with the City that the building official was not authorized to waive the zoning requirements, we reverse and the chancellor's decision remand.

The City of Russellville annexed the Bishop Addition residential subdivision in 1985. On January 23, 1986, it amended Ordinance No. 859, thereby rezoning the area R-2, a classification that prohibits mobile homes or trailers. At that time, there were no mobile homes on lots 13, 14, 15, and 16 of Block G or East Sixth Street, the subject of this dispute. Sometime after annexation and rezoning, appellees Sharon Reynolds Hodges, Tom Reynolds, Billy Bowman, Roy Turner, and others placed mobile homes on the lots at issue. On May 9, 1995, the City filed suit for injunctive relief to enforce its zoning ordinance. Though it named eleven defendants in its complaint, only five answered or appeared, which included the appellees, who affirmatively pleaded that the City was estopped from enforcing its zoning ordinance due to the conduct of its building official, Gearl Cooper, who had issued electrical permits and power tags for the mobile homes.

At trial, Mr. Cooper testified that he had issued electrical and other types of inspection permits to the structures. However, as building official, he stated that he was not authorized to alter the

City's zoning classifications. According to Mr. Cooper, he had been aware that there had been mobile homes in the Bishop Addition "since the first one moved in." It was his testimony that, Joe Vinson, the chairman of the planning commission, had told him that he was going to allow mobile homes to be placed in the area.

City Clerk Helen Price testified that she served on the planning commission. According to Ms. Price, an individual member of the commission did not possess the authority to make a decision for the group. It was her testimony that if Mr. Vinson told Mr. Cooper in 1985 or 1986 that mobile homes would be allowed in Bishop Addition, he would have done so without proper authorization, as there had been no vote by the planning commission and city council making such an allowance.

Mayor Phil Carruth testified that neither the building official, his employees, nor the city engineer had authority to change zoning laws or to allow the placement of structures that are in violation of the city's zoning laws. It was his testimony that, if there were any actions taken by city employees to allow the placement of mobile homes in the Bishop Addition, they were not official authorized acts of the City.

After hearing all the evidence, the chancellor issued written findings of fact. These findings included that the city's building official, Mr. Cooper, along with his assistants, had at times issued permits for electrical power hookups and had inspected and tagged the hookups for the mobile homes while knowing that the placement of these homes in the area might be improper. According to the chancellor, Mr. Cooper's acts were authorized acts of the city. The chancellor further found that the chairman of the planning commission, Joe Vinson, was also aware that some mobile homes had been placed in Bishop Addition after annexation. It was also the chancellor's finding that, while none of the appellees had ever applied for or received a building permit to place mobile homes in the area, they were unaware that Bishop Subdivision was zoned R-2, and had relied on the inspections and the building official's approval. After making these findings, the chancellor concluded that, while the City had made a prima facie entitlement to the injunctive relief requested in its complaint, the

defendants who appeared had proved by a preponderance of the evidence that the City should be estopped from enforcing its zoning ordinance, and that the defendants who had not appeared or answered were entitled to the benefit of this affirmative defense.

Four elements are necessary to establish estoppel. They are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that the conduct be acted on or must act so that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) the party asserting the estoppel must rely on the other's conduct and be injured by that reliance. *State v. Wallace*, 328 Ark. 183, 941 S.W.2d 430 (1997); *Foote's Dixie Dandy, Inc. V. McHenry*, 270 Ark. 816, 607 S.W.2d 323 (1980). Additionally, we have specifically held that a sovereign is not bound by the unauthorized acts of its employees. *Arkansas State Highway Comm'n v. Townsend*, 313 Ark. 702, 858 S.W.2d 66 (1993); *Miller v. City of Lake City*, 302 Ark. 267, 789 S.W.2d 440 (1990); *Hankins v. City of Pine Bluff*, 217 Ark. 226, 229 S.W.2d 231 (1950). On appeal, we do not reverse a chancellor's findings of fact unless they are clearly against the preponderance of the evidence. *Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355 (1996).

We need not decide whether the four elements are met because we conclude that the chancellor erred in finding that Mr. Cooper was authorized to waive the City's zoning requirements. While the chancellor found that Mr. Cooper's issuance of electrical permits and power tags constituted authorized acts of the City, this finding disregards the testimony of both Mayor Carruth and Mr. Cooper himself that he had no authority to authorize the placement of mobile homes in the Bishop Addition in violation of the zoning ordinance. We can find no testimony in the record that refutes the City's proof on this issue. As in *Miller v. Lake City, supra*, the appellees did not meet all the requirements necessary to prove estoppel, as "the building inspector . . . was not authorized to waive the zoning requirements." 302 Ark. at 270. Therefore, we must conclude that the chancellor's finding that the building official was authorized to waive the City's zoning requirements was clearly against the preponderance of the evidence. Accord-

ingly, the chancellor's ruling that the City was estopped from enforcing its ordinance was in error.

Reversed and remanded.