Thomas B. SCHUECK *v.* W.F. BURRIS

97–465                                                957 S.W.2d 702

Supreme Court of Arkansas
Opinion delivered December 18, 1997

*Mark T. McCarty*, for appellant.

*Lewis E. Ritchey*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The appellee, W. F. Burris, filed a negligence suit against the appellant, Thomas B. Schueck, in Pulaski County Circuit Court. Following a bench trial, the trial judge ruled that Mr. Schueck was negligent and that he had breached the parties' contract. The trial judge awarded Mr. Burris a judgment of $1392.51. It is from that judgment that Mr. Schueck appeals, raising four allegations of error. We find no merit to his arguments and affirm.

The parties are former owners of adjacent properties located in the Hillside Village area of Little Rock. They entered into a written agreement in 1978 to settle Mr. Burris's claim that he had established title by adversely possessing a portion of Mr. Schueck's land. Pursuant to the agreement, Mr. Burris received $2,500.00

cash and was entitled to use, for so long as he owned and occupied his property, a six-foot strip of Mr. Schueck's land running along Mr. Burris's south property line. Desiring to settle the ownership dispute, Rector-Phillips-Morse, Inc. ("RPM"), the agent who sold Mr. Schueck his lot and a party to the 1978 agreement, constructed a six-foot-high wooden fence, six feet south of Mr. Burris's south property line, that extended the 140-foot depth of Mr. Burris's lot. RPM also covenanted to leave the property in such a condition that Mr. Burris could plant and mow the strip. On January 3, 1979, Mr. Burris and his wife executed a quit-claim deed in favor of Mr. Schueck, relinquishing all of their ownership rights in the disputed property.

In 1994, Mr. Schueck began construction of six separate patio homes known as Fillmore Place. During this construction, Mr. Schueck's contractor removed the six-foot wooden fence described in the 1978 agreement and replaced it with a twelve-foot-high wall. The height of the new fence was six feet off the ground at one end of the property line and then rose to twelve feet at the other end, with a concrete wall underneath the wooden portion of the fence.

In Mr. Burris's complaint against Mr. Schueck, he alleged that Mr. Schueck's agent negligently carried out the performance of constructing the patio homes, resulting in damage to his land and property. Specifically, Mr. Burris claimed that Mr. Schueck's negligent and intentional actions caused the loss of a fence, the destruction of twelve azalea bushes, the erosion of soil, and the destruction of siding on the southeast corner of his home. Mr. Burris requested compensatory damages in the amount of $1,838.51, attorney's fees, and costs.

After hearing the testimony of the parties and other witnesses, the trial judge ruled in Mr. Burris's favor. Mr. Schueck appeals.

## 1. Negligence

Mr. Schueck first claims that the trial judge's finding that he was negligent was not supported by substantial evidence. This is not, however, the correct standard of review in

civil cases where the trial judge, rather than a jury, sits as the trier of fact. In bench trials, the standard of review on appeal is not whether there is any substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Superior Improvement Co. v. Mastic Corp.*, 270 Ark. 471, 604 S.W.2d 950 (1980); *see also* Ark. R. Civ. P. 52. Particularly, to meet his burden of proving negligence, Mr. Burris was required to prove that he sustained damages, that Mr. Schueck was negligent, and that Mr. Schueck's negligence was the proximate cause of his damages. *See Anselmo v. Tuck*, 325 Ark. 211, 924 S.W.2d 798 (1996).

■ At trial, Mr. Burris claimed that cement and water used during the construction of the foundation of the patio homes washed onto his property and damaged his twelve azalea bushes. In support of this claim, Mr. Burris offered oral testimony, photographic evidence, and a written estimate of the cost of replacing the lost bushes. Mr. Schueck's general contractor also testified that "some of the cement did go into Mr. Burris's azalea bed," and that "[t]he concrete people may have ruined the azaleas." On appeal, Mr. Schueck merely maintains that Mr. Burris failed to establish the "three-prong requirement for negligence as it relates to the allegedly destroyed azaleas." We disagree. In light of the above evidence, the trial judge could have rightfully concluded that Mr. Burris sustained damages to his azaleas, that Mr. Schueck was negligent in permitting cement to run into the azalea beds, and that, as a result of Mr. Schueck's negligence, Mr. Burris's azalea bushes were lost. We cannot say that the trial judge's finding in this regard was clearly erroneous.

Mr. Burris further testified that his property was eroded and offered photographic evidence of erosion damage. He testified that the drainage problems began after Mr. Schueck's construction in 1994. Prior to that, he claimed that there were no drainage problems in over thirty years. On appeal, Mr. Schueck asserts that Mr. Burris had existing drainage problems prior to the construction, and that the preventative land contouring and drainage control measures improved, rather than exacerbated, these problems. He also argues that Mr. Burris's oral estimates of damages pro-

vided no basis for the trial judge's award because Mr. Burris lacked credibility.

■ ■ The trial judge was free to find Mr. Burris a truthful witness. As the fact-finder, it was within the judge's "province to believe or disbelieve the testimony of any witness." *Smith v. Galaz*, 330 Ark. 222, 953 S.W.2d 576 (1997). In this case, the trial judge was in the best position to observe Mr. Burris, to hear his testimony, and to weigh the alleged inconsistences argued by Mr. Schueck. In this regard, we conclude that the trial judge's finding as to Mr. Burris's erosion claim was not clearly erroneous.

■ Mr. Burris also claimed that trim on the southeast corner of his house was damaged by Mr. Schueck's subcontractor's truck. According to Mr. Burris, the truck was driven on the elevated ground and caught the telephone wire attached to his house, pulling the trim off the structure. He contended that the trier of fact might infer from circumstantial evidence that his damages were proximately caused by Mr. Schueck's negligence. In a negligence action, the proximate-cause evidence is sufficient "if the facts proved are of such a nature and are so connected and related to each other that the conclusion therefrom may be fairly inferred." *White River Rural Water Dist. v. Moon*, 310 Ark. 624, 839 S.W.2d 211, 212 (1992). Proximate cause is a cause that, in a natural and continuous sequence, produces damage and without which the damage would not have occurred. *Id.*

■ Giving the trial judge's finding the benefit of all reasonable inferences permissible under the proof, we cannot agree that his finding as to the damaged siding was clearly erroneous.

## 2. Breach of contract

Mr. Burris maintained at trial that Mr. Schueck's intentional acts caused the removal and loss of the six-foot-high wooden fence that was erected pursuant to their 1978 written agreement. He presented photographic evidence, a written estimate of replacement cost, and oral testimony to prove his damages. On appeal, Mr. Schueck asserts that Mr. Burris's failure to specifically plead breach of contract in his complaint barred the trial judge from awarding contract damages.

▇ Arkansas Civil Procedure Rule 15(b) permits the amendment of pleadings to conform to the evidence presented at trial. If an issue is tried by the implied consent of the parties, it shall be treated as if it were raised in the pleadings. *Godwin v. Churchman*, 305 Ark. 520, 810 S.W.2d 34 (1991). A party may move to amend the pleadings, but failure to do so does not affect the result of the trial of the issue. *Id.*

▇ Mr. Schueck contends that, because the contract claim was not specifically pleaded, he was deprived of notice and the opportunity to prepare a defense to this claim at trial. The record, however, does not support his contention. In his motion to dismiss made at the close of Mr. Burris's case, Mr. Schueck's attorney argued the alleged lack of proof on the contract issue, stating that the "agreement is explicit on the terms in regard to [the] fence." Under these circumstances, we cannot agree that Mr. Schueck was unaware of the contract claim. Thus, the trial judge did not err in treating the contract issue as if it were raised in the pleadings.

▇ Turning to the merits of Mr. Burris's contract claim, the trial judge heard testimony that the new fence was twelve-feet high and encompassed a concrete wall that prevented maintenance and mowing. When considering the four corners of the parties' 1978 written agreement, the photographic evidence, and oral testimony describing the old and new fences, we cannot say that the trial judge's finding that Mr. Schueck breached the contract was clearly erroneous.

### 3. Attorney's fees

▇ Next, Mr. Schueck asserts that the trial judge's award of attorney's fees was inappropriate because the case involved a tort action. We do not reach this argument because Mr. Schueck did not object to this award below. Thus, he has not preserved this issue for appeal. *Jamison v. Estate of Goodlett*, 56 Ark. App. 71, 938 S.W.2d 865 (1997).

### 4. Evidentiary rulings

██ ██ Finally, Mr. Schueck maintains that the trial judge erred in allowing Mr. Burris to testify about the terms of the parties' 1978 agreement. Mr. Schueck claims that this testimony was permitted in violation of the parol evidence rule, which prohibits the introduction of extrinsic evidence to vary the terms of a written agreement, absent an ambiguity in the contract's terms. *First National Bank of Crossett v. Griffin*, 310 Ark. 164, 832 S.W.2d 816 (1992). This rule does not, however, prohibit a trial judge from becoming familiar with the circumstances surrounding the making of a contract. *Id.* On appeal, we will not reverse the trial judge's ruling allowing or disallowing evidence absent an abuse of discretion. *Id.*

Mr. Burris's disputed testimony at trial was as follows:

> I signed this agreement on December 26, 1978. I basically agreed to sign this document and waive any claims to the property. And as part of that agreement, [RPM] constructed a fence on my property line. As part of this agreement, I was entitled to use six feet of that land south of my property for my life, and they built the fence directly on that line. I could not tell you when the fence was built, but it [was] shortly after 1979. . .

He further described his maintenance efforts and the difference between the old and new fences. When viewing this testimony, we cannot say that it varied the terms of the parties's contract; rather, Mr. Burris was merely describing the circumstances surrounding the making of the 1978 agreement. Therefore, we conclude that the trial judge did not abuse his discretion in permitting this testimony.

Mr. Schueck further contends that the trial judge should have permitted an RPM employee who negotiated the 1978 agreement to testify about his interpretation of the contract. The trial judge disallowed this testimony as well as the agent's opinion testimony regarding Mr. Burris's rights under the contract. On appeal, Mr. Schueck asserts that Mr. Burris opened the door to this otherwise inadmissible testimony.

Having concluded that Mr. Burris's testimony was properly admitted, we disagree that Mr. Burris opened the door to testimony violative of the parol evidence rule. While Mr. Burris's testimony addressed circumstances surrounding the making of the agreement, the agent's testimony was offered to elicit a legal opinion and an interpretation of the contract that could vary its terms in the absence of any ambiguity in those terms. See *First National Bank of Crossett v. Griffin, supra.* Under these circumstances, we hold that the trial judge did not abuse his discretion in disallowing this testimony.

Affirmed.