SHELTER MUTUAL INSURANCE COMPANY *v.*
Linda KENNEDY

01-329                                        60 S.W.3d 458

Supreme Court of Arkansas
Opinion delivered December 6, 2001

*Daggett, Donovan, Perry & Flowers, PLLC,* by: *Robert J. Donovan,* for appellant.

*Easley, Hicky & Hudson,* by: *Michael Easley,* for appellee.

RAY THORNTON, Justice. On January 7, 1999, appellee, Linda Kennedy, was involved in an automobile accident with John Reynolds. Appellant, Shelter Mutual Insurance Company, provided appellee's automobile insurance at the time of the accident. Under the terms of her insurance policy, appellee had $5,000 in medical coverage and $25,000 in underinsured motorist coverage. Appellee's policy also contained a subrogation clause[1]. As a result of the accident, appellee incurred approximately $6,500 in medical bills. Pursuant to the terms of appellee's policy, appellant paid $5,000 of appellee's medical expenses.

At the time of the accident, Mr. Reynolds was insured by Nationwide Insurance Company (Nationwide). Mr. Reynolds's policy provided $25,000 in liability coverage. On June 8, 2000, Nationwide paid appellee $11,000 to settle her claims against Mr. Reynolds. Appellee, thereafter, released all claims against Mr. Reynolds. Appellee settled her claims against Mr. Reynolds against the advice of her attorney.

After entering into this settlement agreement, appellee requested that appellant waive its right to subrogation. Appellant denied appellee's request. On June 15, 2000, appellee filed a complaint in the Circuit Court of St. Francis County, requesting that appellant be denied the right of subrogation. Appellee argued that appellant should not be allowed to enforce its subrogation rights because appellee was inadequately compensated in her settlement with Nationwide.

---

[1] The policy language stated:

In the event of any payment under coverages A, B, C, E, F, or G of this policy, or under any other coverage where permitted by applicable law, we will be subrogated to all rights of recovery for which the insured or any person receiving the payment may have against any person or organization. The insured, or such person, shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured, or such person, shall do nothing after loss to prejudice these rights.

On February 12, 2001, a hearing was held on appellee's complaint. On that same day, an order was entered in which the trial court found that appellant was not entitled to subrogation. The trial court, relying on *Franklin v. Healthsource of Arkansas*, 328 Ark. 163, 942 S.W.2d 837 (1997), determined that appellee was not wholly compensated by her settlement with Nationwide. On February 26, 2001, the trial court awarded appellee's attorney $1,225 in attorney's fees.

It is from these orders that appellant appeals, raising two points for our consideration. We affirm the trial court on the first point, and reverse the trial court's award of attorney's fees.

■ In its first point on appeal, appellant argues that the trial court erred when it found that appellee was not wholly compensated by her settlement with Nationwide and denied appellant the right to subrogation. Specifically, appellant argues that because appellee settled for less than Mr. Reynolds's policy limits then she should be estopped from arguing that she was not "made whole." In bench trials, the standard of review on appeal is not whether there is any substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Schueck v. Burris*, 330 Ark. 780, 957 S.W.2d 702 (1997).

■ Appellant argues that appellee was estopped from arguing that appellant was not entitled to subrogation because appellee settled for less than Mr. Reynolds's insurance policy's limits. We have outlined the principles one must establish to prove estoppel in *City of Russellville v. Hodges*, 330 Ark. 716, 957 S.W.2d 690 (1997). In *Hodges*, we explained:

> Four elements are necessary to establish estoppel. They are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that the conduct be acted on or must act so that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) the party asserting the estoppel must rely on the other's conduct and be injured by that reliance.

*Id.*

Appellant raised the affirmative defense of estoppel in its amended answer. This amended answer was filed on the day this matter was set for trial.

Appellee argues that appellant should be procedurally barred from raising this issue on appeal because appellant failed to develop this defense below. Appellee further argues that the only issue before the trial court and before our court on review is whether appellee was "made whole" through her settlement with Nationwide.

■■ Based upon our review of the abstract, we conclude that we cannot consider the issue of estoppel on appeal. We have held that something more than a mere assertion of an argument in the pleadings is required to preserve an issue for appellate review. *Seyller v. Pierce and Company, Inc.*, 306 Ark. 474, 816 S.W.2d 577 (1991). In this case, appellant's amended answer stated: "[H]aving previously settled her claim for eleven thousand dollars ($11,000.00) the plaintiff is now estopped to deny the adequacy of such settlement." Appellant did not pursue the affirmative defense of estoppel at trial, and failed to establish the elements of estoppel at trial. Moreover, the trial court's order did not address the issue of estoppel. Because appellant did not develop the affirmative defense of estoppel below, we cannot consider this issue on appeal.

Having determined that we cannot consider the issue of estoppel on appeal, we turn next to the issue of whether the trial court's order finding that appellee was not "made whole" is erroneous. The trial court's finding that appellant was not entitled to subrogation because appellee was not "made whole" was based on *Franklin v. Healthsource of Arkansas, supra.* In *Franklin*, Curtis Franklin had a health insurance contract with Healthsource of Arkansas, that included a subrogation clause and an assignment-of-benefits clause. Following an automobile accident, Healthsource paid $71,120.65 of Franklin's medical bills. Franklin's medical expenses were in excess of $124,000. He had additional damages valued at over $400,000. *Id.*

Franklin then sued the other driver and accepted an offer from the driver's insurance carrier to settle for $25,000. *Id.* Healthsource, in a subsequent action, claimed it was entitled to the entire $25,000 under the subrogation clause in its contract. The trial court agreed with Healthsource and distributed the funds to it, less attorney's fees for Franklin's attorney. *Id.*

■ Upon appellate review, we reversed the trial court. We explained that "subrogation is recognized or denied upon equitable principles" and further explained that Healthsource was not entitled to subrogation because "an insured's right to subrogation takes

precedent over that of an insurer, so the insured must be wholly compensated before an insurer's right to subrogation arises; therefore, the insurer's right to subrogation arises only in situations where the recovery by the insured exceeds his or her total amount of damages incurred." *Id.*

We do not agree with the trial court's finding that *Franklin* controls the outcome of the case now before us. The facts in the case *sub judice* are distinguishable from the facts in *Franklin*. Notwithstanding our conclusion that there are differences between *Franklin* and the case now under consideration, we recognize that the principle outlined in *Franklin*, which holds that subrogation is an equitable right to which an insurer is not entitled unless the insured is wholly compensated for his injuries, must be considered in our review of the trial court's order.

■ We now consider the question of whether appellant was entitled to subrogation. Appellee settled with Mr. Reynolds for $11,000.[2] As a result of the accident, appellee incurred approximately $6,500 in medical bills. At trial, appellee testified that she was still having medical problems as a result of the accident. Specifically, she explained that she could not use one of her hands and that she had trouble keeping her balance. She further stated that she has seen a doctor on several occasions since her settlement with Mr. Reynolds. Appellee also noted that as a result of the injuries sustained during the accident she would require additional medical treatment. Appellant did not contest the evidence offered by appellee. Having reviewed the evidence, we conclude that the trial court's finding that appellee was not made whole by her settlement with Mr. Reynolds, and that therefore appellant was not entitled to the equitable right of subrogation was not clearly erroneous.

■ In its final point on appeal, appellant contends that the trial court erred when it granted appellee's request for attorney's fees. The trial court's order did not rely on a specific statutory provision when it awarded appellee's request. We have noted that as a general rule, attorney's fees are not allowed in Arkansas unless expressly authorized by statute. *Elliott v. Hurst*, 307 Ark. 134, 817 S.W.2d 877 (1991).

---

[2] We note that after paying medical bills, attorney's fees, and setting aside appellant's subrogation money, appellee only received $2,097.37 from her settlement with Mr. Reynolds.

Appellee asserts that attorney's fees were proper under either Ark. Code Ann. § 16-22-308 (Repl. 1999) or Ark. Code Ann. § 23-79-208 (Repl. 1999). Arkansas Code Annotated § 16-22-308 is a general statute providing for the recovery of attorney's fees in actions for breach of contract. It provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

*Id.*

Arkansas Code Annotated § 23-79-208 is a statute that allows the recovery of attorney's fees where an insurer fails to pay benefits when they become due. The statute in pertinent part states:

> In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association liable therefor shall fail to pay the losses within the time specified in the policy after demand made therefor, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

*Id.*

In order to determine whether attorney's fees could be awarded under either of these statutory provisions, it is necessary to review appellee's complaint to determine the nature of appellee's legal action. Appellee filed a complaint requesting that the trial court "conduct a hearing, and make a determination that the plaintiff [appellee] by reason of an $11,000.00 settlement herein, is inadequately compensated, and that subrogation back to the defendant [appellant] will not lie."

After reviewing appellee's complaint, we conclude that appellee did not assert a cause of action which would entitle her to

receive attorney's fees. Specifically, appellee was not seeking recovery based on a breach of contract claim, nor was she seeking to enforce the terms of an insurance policy, but rather appellee was seeking relief from a specific term in her insurance policy which permitted subrogation to appellant if appellee recovered from a tortfeasor. Because there is no statutory provision which would allow attorney fees under the facts presented in this case, we reverse the trial court's award of attorney's fees.

Affirmed in part; reversed in part.

GLAZE, J., concurs.

CORBIN and HANNAH, JJ., dissent.

DONALD L. CORBIN, Justice, dissenting. I cannot abide by the majority's conclusion that Appellee Linda Kennedy was not made whole by her settlement with the tortfeasor's insurer. Moreover, I believe that if she has not been fully compensated for her injuries, she has no one but herself to blame. Accordingly, I must dissent.

The facts are undisputed that Appellee was injured in an automobile accident with John Reynolds, who was insured by Nationwide Insurance Company. As a result of her injuries, Appellee incurred around $6,500 in medical bills. Her insurer, Appellant Shelter Mutual Insurance Company, paid $5,000 of Appellee's medical expenses. Appellee procured the services of an attorney to represent her claim against Reynolds and Nationwide. Against the advice of her attorney, Appellee agreed to settle for the sum of $11,000. Appellee chose to settle knowing full well that the amount she received was less than half of the policy limit. She also knew that out of her settlement, she would have to reimburse Appellant for the $5,000 it paid for her medical bills, pursuant to the subrogation provision of her insurance contract. When Appellant refused to waive its subrogation right, Appellee filed this suit, claiming that she had not been made whole for her injuries.

In the first place, I take issue with Appellee's claim and the trial court's corresponding finding that she has not been made whole by her settlement. Based on what? As the majority points out, Appellee had a net gain from her settlement of approximately $2,100, after paying medical bills, attorney's fees, and setting aside Appellant's subrogation amount. From my review of the record, I am not convinced that this amount is insufficient to fully compensate her.

The only evidence presented of possible future damages was Appellee's own self-serving testimony. She did not present any evidence as to the value of her alleged future damages. It is beyond me how, without such evidence, the trial court could have found that Appellee was not made whole by the settlement. As such, I believe his finding is clearly erroneous.

Moreover, if we were to accept her claim that she is still experiencing pain from her injuries, I am greatly troubled by the fact that she admitted that she is no longer undergoing physical therapy, that she will not take her prescribed pain medication, and that she refuses to have surgery to relieve her pain. This testimony demonstrates to me that Appellee's continued pain is due to her refusal to take part in any affirmative treatment.

In the second place, I disagree with the majority's application of *Franklin v. Healthsource of Ark.*, 328 Ark. 163, 942 S.W.2d 837 (1997), in this case. Although the majority acknowledges that the facts in *Franklin* are distinguishable from those in the present case, it nonetheless proceeds to apply the reasoning and holding of *Franklin*. I believe this is error.

In *Franklin*, the insured was injured in an automobile accident and incurred approximately $124,000 in medical bills. Additionally, there was testimony demonstrating that his future damages amounted to approximately $400,000. Franklin's insurer, Healthsource, paid in excess of $71,000 of those medical bills. Franklin settled his claim against the tortfeasor and the tortfeasor's insurance carrier for $25,000, the full amount of the liability policy. Thereafter, Healthsource sought the full amount of the settlement as subrogation. This court held, and rightly so, that Franklin's right of subrogation took precedent over that of Healthsource because he had not been made whole, even after he received the full value of the liability policy. The decision in *Franklin* was based on equitable principles.

In the present case, Appellee was fully aware that she was settling her claim for less than the policy amount available. Indeed, her decision to settle was made against the advice of her attorney and with the full knowledge that she would have to reimburse Appellant, pursuant to the subrogation clause of her insurance contract. Had she received the full amount of Reynolds's policy and still not been made whole, under *Franklin*, Appellant would not be entitled to enforce its subrogation contract. Because she chose to settle for less than the full amount of the policy, and, apparently, less

than the full amount of her damages, her equitable claim of subrogation is not superior to Appellant's, and *Franklin* is not controlling. For these reasons, I respectfully dissent.

HANNAH, J., joins in this dissent.