## THE TRAVELERS INSURANCE COMPANY *v.*
### John O'HARA and Jo O'Hara, His Wife, Emilio Tirado, M.D., and Emilio Tirado, M.D., P.A.

02-77                                                84 S.W.3d 419

Supreme Court of Arkansas
Opinion delivered September 12, 2002

*Pryor, Robertson & Barry, PLLC*, by: *John R. Beasley*, for appellants.

*Compton, Prewett, Thomas & Hickey, L.L.P.*, by: *Floyd M. Thomas, Jr.*, for appellees John O'Hara and Jo O'Hara.

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, by: *Dennis L. Shackleford* and *Norwood Phillips*, for appellee Emilio Tirado, M.D. and Emilio Tirado, M.D., P.A.

TOM GLAZE, Justice. This case requires us to determine whether or not a workers' compensation insurance carrier may pursue its subrogation rights against a third-party tortfeasor when the tortfeasor and the injured party have reached a settlement. The injured worker in this case, John O'Hara, suffered a work-related hernia, and underwent surgery to repair the hernia in March of 1993. During surgery, Dr. Emilio Tirado allegedly

placed a stitch that injured O'Hara's femoral nerve, causing him a great deal of pain and difficulty in walking. O'Hara and his wife filed a medical malpractice action against Dr. Tirado, and The Travelers Insurance Company, O'Hara's workers' compensation carrier, intervened in the litigation. The case went to trial and resulted in a jury verdict for O'Hara in the amount of $77,332.03. However, the trial court granted O'Hara's motion for a new trial, finding that the jury's award of damages was inadequate. The court of appeals affirmed this decision in *Tirado v. O'Hara*, 70 Ark. App. 152, 15 S.W.3d 715 (2000).

Following remand, O'Hara and Dr. Tirado entered into a settlement agreement whereby O'Hara agreed to accept $225,000. The agreement specifically included all claims the O'Haras could assert against Dr. Tirado, and also provided that it was intended to include settlement of any claims that Travelers sought to enforce as a workers' compensation subrogation lien. Further, the agreement provided that it was not intended to "settle around" Travelers, and stated that both the O'Haras and Dr. Tirado would contend that Travelers was not entitled to any lien on the proceeds of the settlement because O'Hara had not been made whole by the amount of the settlement.

Travelers objected to the settlement agreement, arguing to the trial court that it was entitled to a lien on the settlement proceeds under Ark. Code Ann. § 11-9-410 (Repl. 2002). Following a hearing on the settlement agreement, the trial court found that the $225,000 would not make O'Hara whole, and dismissed with prejudice Travelers' lien claim. From this order, Travelers brings this appeal, arguing that it should have been permitted to pursue its subrogation lien against Dr. Tirado. We disagree, and affirm the trial court.

Subrogation is an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among the parties. *St. Paul Fire & Marine Ins. Co. v. Murray Guard, Inc.*, 343 Ark. 351, 37 S.W.3d 180 (2001). At its essence, subrogation is the substitution of one party for another in the exercise of some legal right. *Welch Foods, Inc. v.*

*Chicago Title Ins. Co.* 341 Ark. 515, 17 S.W.3d 407 (2000) (citing *Black's Law Dictionary*, 1140 (7th ed. 1999)).

The workers' compensation statutes afford a right of subrogation to compensation carriers in certain instances. Arkansas Code Annotated § 11-9-410(b) (Repl. 2002) provides that "[a]n employer or carrier liable for compensation under this chapter for the injury . . . of an employee shall have the right to maintain an action in tort against any third party responsible for the injury . . . ." § 11-9-410(b)(1). The purpose of this statute is to protect the rights of both the compensation carrier and the employee, and as such, the proceeds of any compromise settlement of a tort claim are subject to the lien of the employer or the compensation carrier unless the settlement has been approved by a court having jurisdiction or by the Workers' Compensation Commission, after the compensation carrier has been afforded adequate opportunity to be heard. *Travelers Ins. Co. v. McCluskey*, 252 Ark. 1045, 483 S.W.2d 179 (1972).

Travelers argues that, if a trial court determines that an insurer's lien rights are unenforceable against a settlement between a plaintiff and defendant, the language of § 11-9-410 should be construed in such a way as to grant the workers' compensation carrier its conventional subrogation right to pursue the defendant directly. Thus, because the trial court approved the settlement between the O'Haras and Dr. Tirado, but ruled that the settlement did not make the O'Haras whole, Travelers asserts that it has an absolute statutory lien on the settlement proceeds that entitles it to pursue Dr. Tirado in order to recover the money it paid to O'Hara.

However, this court recently considered a similar question in *General Accident Insurance Co. v. Jaynes*, 343 Ark. 143, 33 S.W.3d 161 (2000), where we were asked to decide whether or not a workers' compensation carrier was entitled to a lien upon the proceeds of a settlement between the injured employee and the third-party tortfeasor. The trial court had ruled that, because the plaintiff had not been "made whole" by the settlement amount, the workers' compensation carrier, General Accident, was not entitled to a lien on any of the settlement proceeds. This

court affirmed, holding that an insurance carrier's lien right against an insured's settlement with a third-party defendant is not absolute; rather, the settlement is subject to a court's approval after the carrier has been afforded adequate opportunity to be heard. *Jaynes*, 343 Ark. at 153. In addition, even though an insurer's right to subrogation is statutory, that right does not arise until the insured is made whole. *Id.* at 152; *see also Shelter Mut. Ins. Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992).

The *Jaynes* holding was premised on this court's earlier decisions in *Bough*, *supra*, and *Franklin v. Healthsource of Arkansas*, 328 Ark. 163, 942 S.W.2d 837 (1997). In *Bough*, the court noted that the equitable nature of subrogation is granted an insurer to prevent the insured from receiving a double recovery, and where an insured has been made whole for his loss and is in a position where he or she will recover twice for some of his or her damages, the insurer should not be precluded from employing its right of subrogation. *Bough*, 310 Ark. at 28 (holding that the plaintiff *had* been made whole, and the insurer was entitled to pursue its subrogation rights). In *Franklin*, on the other hand, the plaintiff was not made whole by the settlement reached with the tortfeasor, and this court reversed the trial court's ruling that the insurer was entitled to its subrogation rights under the insurance policy. Noting that "equity will require that the insured be made whole *before* the insurer's right to subrogation will arise," *Franklin*, 328 Ark. at 168 (emphasis in original), the court concluded with the following:

> An insured's right to subrogation takes precedence over that of an insurer, so the insured must be wholly compensated before an insurer's right to subrogation arises; therefore, the insurer's right to subrogation arises only in situations where the recovery by the insured exceeds his or her total amount of damages incurred.

*Id.* at 169 (emphasis added).

On appeal, Travelers does not contest the trial court's decision to award O'Hara all of the third-party settlement. O'Hara was clearly not made whole by the settlement for $225,000; at the hearing on the settlement motion, O'Hara stated that his damages were in excess of $400,000, and Travelers did not dispute this figure. Instead, as noted above, Travelers asserts that it

should have been allowed to pursue Dr. Tirado independently and directly to recover its subrogation interest. However, this court has held that "there is but one cause of action" as between an injured employee, a tortfeasor, and a workers' compensation carrier. *St. Paul Fire & Marine Ins. Co. v. Wood*, 242 Ark. 879, 416 S.W.2d 322 (1967). The court in *Wood* specifically held as follows:

> While § 40 [now § 11-9-410] recognizes that *either* the injured employee *or* the compensation carrier may initiate a tort suit against a third party, it requires that reasonable notice of the initiation of such cause of action be given to the other party. *Thus, there is but one cause of action.* In this situation, can we hold that the rule against splitting a cause of action prohibits the compromise settlement here proposed by Wood [the injured employee] and First Electric [the tortfeasor]? The answer is that *the rule against splitting a cause of action is for the benefit of the defendant to protect him against a multiplicity of suits*[.]

*Id.* at 889 (emphasis added). *See also U.S. Fidelity & Guaranty Co. v. Glass*, 261 Ark. 45, 245 S.W.2d 924 (1977) (although the workers' compensation carrier and the beneficiary have separate rights to institute an action against a third-party tortfeasor, there is only one cause of action, and it cannot be split without the defendant's consent).

██ ██ Therefore, it is clear that the settlement between the O'Haras and Dr. Tirado extinguished not only any claims between them, but also any claims that Travelers could assert against Dr. Tirado. The workers' compensation statute does not afford the compensation carrier the right to veto any compromise settlement not to its liking; the question of whether the proposed settlement should be approved is properly addressed to the discretion of the trial court. *Liberty Mut. Ins. Co. v. Billingsley*, 256 Ark. 947, 511 S.W.2d 476 (1974). Here, the trial court did not abuse its discretion in approving the settlement agreement between the O'Haras and Dr. Tirado, because the O'Haras were not made whole by the settlement amount; indeed, Travelers does not argue that it was error to approve the settlement. Neither did the court err in denying Travelers' request to sue Dr. Tirado directly, because, simply put, there was no independent cause of action

Travelers could have pursued against the doctor. Therefore, the trial court's dismissal of Travelers' subrogation claim against Dr. Tirado is affirmed.