Chan HOLCOMBE *v.* Steve MARTS, d/b/a Steve's Imports
and Ray Hodnett and Dona Hodnett

02-1023                                                        99 S.W.3d 401

Supreme Court of Arkansas
Opinion delivered March 6, 2003

*Joel W. Price*, for appellant.

*Hal W. Davis*, for appellees.

Jim Hannah, Justice. Appellant Chan Holcombe appeals a judgment and order of dismissal entered on May 8, 2002. Holcombe alleges that the trial court erred in denying his February 21, 2002, motion to proceed *pro se*, and in permitting discharged counsel to sign and approve the judgment and order dismissing the case. Holcombe provides no convincing authority for his argument that once he informed the trial court that he had discharged his attorney, the trial court erred as a matter of law in denying his motion to proceed *pro se* and to enter an order relieving his attorney of any further responsibility to this case. This assignment of error will not be considered by the court.

We do not reach the issue of whether the trial court was clearly erroneous in denying Holcombe's motion to proceed *pro se* because no transcripts of hearings or evidence of any form showing why the trial court denied the motion has been provided by Holcombe. We further hold that no objection was made below to Holcombe's counsel signing and approving the judgment and order of dismissal. Because the issue was not objected to or raised below, it will not be heard on appeal.

*Facts*

On February 21, 2002, Holcombe filed a motion to proceed *pro se*, informing the trial court that he had discharged his attorney and requesting the trial court to enter an order relieving his attorney. On March 4, 2002, the trial court entered an order denying the motion to proceed *pro se* and relieve counsel. No hearing was held on the motion to proceed *pro se*. On April 15, 2002, a joint motion of dismissal with prejudice was signed and filed by counsel for the appellee and the counsel Holcombe asserts he had discharged.

This case was settled and dismissed by the parties. No trial was held; therefore, no jury was empaneled. All matters at issue were heard by the trial court alone. The standard of review on appeal is whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Shelter Mut. Ins. Co. v. Kennedy*, 347 Ark. 184, 60 S.W.3d 458 (2001); *Schueck v. Burris*, 330 Ark. 780, 957 S.W.2d 702 (1997).

Holcombe alleges that the trial court erred when it summarily denied his motion to relieve his counsel and proceed *pro se*. He cites the commentary to Model Rule of Professional Conduct 1.16, which provides that "a client has a right to discharge a lawyer at any time, with or without cause. . . ." Model Rule of Professional Conduct 1.16 (2002). Holcombe argues that this statement in the commentary supports his argument that he has the right to discharge his attorney and proceed *pro se*, and that the trial court erred as a matter of law when it denied his motion.

Holcombe acknowledges Ark. R. Civ. P. 64 (2002), which controls addition and withdrawal of counsel and provides that counsel may not withdraw absent permission of the court. However, citing *Jones-Blair Co. v. Hammett*, 326 Ark. 74, 930 S.W.2d 335 (1996), Holcombe argues that under this court's interpretation, Rule 64 is aimed at protecting the client's interests, and the issue of withdrawal is to be viewed from the point of view of the client, not the attorney.

The issue presented is not whether Holcombe has a right to discharge his attorney or whether Rule 64 is to be interpreted from one viewpoint or another, but rather whether the trial court erred as a matter of law in denying Holcombe's motion to proceed *pro se* when he informed the court he had discharged his attorney. Holcombe simply offers no convincing authority to support his argument that a litigant must be allowed to proceed *pro se* when a litigant discharges his or her attorney and moves to proceed *pro se*. This court has repeatedly held that we do not consider assignments of error that are unsupported by convincing authority. *Bonds v. Carter*, 348 Ark. 591, 75 S.W.3d 192 (2002); *Hurst v. Holland*, 347 Ark. 235, 61 S.W.3d 180 (2001); *Ark. Pub. Defender Comm'n v. Greene County*, 343 Ark. 49, 32 S.W.3d 470 (2000).

Holcombe, however, further argues that the trial court also erred in denying his motion because he provided the trial court proof that he had previously represented himself successfully in this suit *pro se* and that he wished to again proceed *pro se* because his counsel was not adequately pursuing his case. Holcombe's motion makes no assertion that his counsel was performing inade-

quately. Nothing in the abstract shows that the issue of adequacy of counsel was raised before the trial court. An issue cannot be raised for the first time on appeal. *Coles v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002).

Additionally, Holcombe is arguing that the trial court was clearly erroneous in denying his motion to proceed *pro se*. We cannot reach this issue because the record and abstract are devoid of any proceedings or pleadings that show why the trial court denied the motion. Without a record of some form, we cannot conduct a meaningful review of Holcombe's argument. This court has repeatedly stated that it is the appellant's burden to produce a record sufficient to support his arguments on appeal. *Miller v. State*, 328 Ark. 121, 942 S.W.2d 825 (1997).

Finally, Holcombe argues that the trial court erred in permitting his counsel to sign and approve the judgment and order of dismissal. The motion to proceed *pro se* was denied by an order entered March 4, 2002. The judgment and order of dismissal was entered May 8, 2002, in other words, some eight weeks after the trial court denied Holcombe's motion to proceed *pro se*. Based on the trial court's denial of the motion to proceed *pro se*, Holcombe's attorney was not relieved and was still serving as Holcombe's attorney. In any event, Holcombe does not argue, and the abstract does not reveal that Holcombe objected or ever brought this issue to the attention of the trial court. The trial court was never given an opportunity to consider the issue. It is settled law that for a trial court to have committed reversible error, timely and accurate objections must have been made, so that the trial court was given the opportunity to correct the error. *John Cheeseman Trucking, Inc. v. Dougan*, 313 Ark. 229, 853 S.W.2d 278 (1993); *Gustafson v. State*, 267 Ark. 830, 593 S.W.2d 187 (1980). There is no indication this issue was raised below, and it will not be considered on appeal for the first time.

Affirmed.