# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

Nos. 04-2090/3404

_____

| | |
|---|---|
| Jason Caldwell; Karen Caldwell, | * |
| | * |
| Plaintiffs, | * |
| | * |
| Karen Lamb Kirkham, Individually and as Personal Representative of the Estate of William David Lamb, deceased, and as next friend and on behalf of Joshua Lamb and Caleb Lamb, the minor children and wrongful death beneficiaries of William David Lamb; Caleb Lamb; Joshua Lamb; William David Lamb, | * |
| | Appeals from the United States District Court for the Eastern District of Arkansas. |
| Intervenor Plaintiffs/ Appellees, | * |
| | * |
| Carroll Deal; Pattie Deal, | * |
| | * |
| Intervenor Plaintiffs/ Appellees, | * |
| | * |
| Fremont Indemnity Company; Arkansas Property and Casualty Guaranty Fund, | * |
| | * |
| Intervenor Plaintiffs/ Appellants, | * |
| | * |
| v. | * |
| | * |

TACC Corporation; Illinois Tool     *
Works, Inc.,     *

                              *

    Defendants.     *

————————

Submitted: April 14, 2005
Filed: September 2, 2005

————————

Before MELLOY, COLLOTON and GRUENDER, Circuit Judges.

————————

GRUENDER, Circuit Judge.

Fremont Indemnity Company ("Fremont") and the Arkansas Property and Casualty Guaranty Fund (the "Fund") appeal two separate decisions of the district court.[1] In two separate orders, the district court concluded that because Carroll Deal and Karen Lamb Kirkham were not "made whole" by their respective settlements with TACC Corporation and Illinois Tool Works, Inc., Fremont and the Fund did not have a right of subrogation with respect to the settlement proceeds. We affirm the decisions of the district court.

## I.    BACKGROUND

Jason Caldwell, Carroll Deal and David Lamb were employed by SeaARK Marine, Inc. ("SeaARK") in Monticello, Arkansas. On December 7, 2000, Deal,

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Lamb and another employee were applying insulation to the hull of a 40-foot-long cabin cruiser. The other employee, who was in the hull of the boat at the time of the accident, imprudently decided to use his cigarette lighter. The flame from his cigarette lighter caused the residual fumes from the insulation glue to ignite and explode with such force as to propel the boat, which weighed approximately 15,000 pounds, through the 26-foot-high roof of SeaARK's Marine Rigging Department. Caldwell and Deal sustained severe leg injuries in the explosion. Lamb suffered severe head injuries and died.

Caldwell and his wife filed a products-liability suit in Arkansas state court against the glue manufacturers, TACC Corporation ("TACC") and Illinois Tool Works, Inc. ("Illinois Tool Works"). TACC and Illinois Tool Works removed the case to the United States District Court for the Eastern District of Arkansas based on diversity jurisdiction under 28 U.S.C. § 1332. Lamb's widow, Karen Lamb Kirkham, intervened as a plaintiff on her own behalf and as personal representative of her deceased husband's estate and his wrongful-death beneficiaries. Deal and his wife, Carol, later intervened as plaintiffs.

Fremont, SeaARK's workers' compensation carrier, also intervened as a plaintiff for the express purpose of seeking subrogation. Fremont claimed that, under Arkansas law, it was entitled to a subrogation lien on the proceeds of any recovery from the glue manufacturers because it had paid workers' compensation benefits.[2]

---

[2]Ark. Code Ann. § 11-9-410(b)(1) provides that "[a]n employer or carrier liable for compensation under this chapter for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death." Under the statute, "the proceeds of any compromise settlement of a tort claim are subject to the lien of the employer or the compensation carrier unless the settlement has been approved by a court having jurisdiction or by the Workers' Compensation Commission, after the compensation carrier has been afforded adequate opportunity to be heard." *Travelers Ins. Co. v. O'Hara*, 84 S.W.3d 419, 421 (Ark. 2002).

Fremont subsequently entered liquidation, and the Fund assumed liability for Caldwell's, Deal's and Kirkham's workers' compensation claims. The Fund, therefore, later intervened and joined in Fremont's claim to a lien.

The Caldwells, the Deals and Kirkham eventually agreed to settle their claims against TACC and Illinois Tool Works. On January 26, 2004, the Caldwells and the Deals filed a motion to approve their settlements and authorize distribution of settlement funds. Kirkham filed a similar motion on March 31, 2004. Both motions argued that Fremont was not entitled to subrogation liens because Caldwell, Deal and Lamb were not "made whole" by the settlements.[3] After holding hearings on the motions, the district court agreed with the Caldwells, the Deals and Kirkham and approved the settlements. The district court, in reaching its decision, relied heavily on the Arkansas Supreme Court's opinion in *General Accident Insurance Co. of America v. Jaynes*, 33 S.W.3d 161 (Ark. 2000). In *Jaynes*, the Arkansas Supreme Court held that an insurance carrier's statutory lien under Ark. Code § 11-9-410 is not absolute. *Id.* at 167. The court affirmed the trial court's ruling that the workers' compensation carrier was not entitled to a subrogation lien on the settlement proceeds because the plaintiff had not been "made whole" by the settlement amount. *Id*.

The Caldwells resolved their differences with Fremont and the Fund ("Appellants"). Kirkham and the Deals ("Appellees"), however, did not. Appellants now raise several issues on appeal regarding the district court's approval of Appellees' settlements with TACC and Illinois Tool Works. First, Appellants contend that the Arkansas Supreme Court's application of the made-whole doctrine

---

[3]Under the made-whole doctrine: "The lien right does not rise until after an insured has been made whole by a judgment or settlement against a third-party tortfeasor. This conclusion ensures that an insured is wholly compensated for damages incurred as the result of a work-related accident, but does not receive a double payment." *S. Cent. Ark. Elec. Coop. v. Buck*, 117 S.W.3d 591, 596 (Ark. 2003).

is contrary to the legislative intent of the Arkansas General Assembly to provide workers' compensation carriers a subrogation lien on settlement proceeds. Next, Appellants argue that the district court's application of the made-whole doctrine violated the "non-retroactivity rule" under Arkansas law. They also raise various state and federal constitutional arguments that largely mirror their prior arguments. Lastly, Appellants contend that the district court erred in holding that Appellees were not made whole by their settlements. For the reasons discussed below, we reject each of these arguments.

## II.    DISCUSSION

Appellants' first argument on appeal essentially challenges the propriety of the Arkansas Supreme Court's decision in *Jaynes*. Specifically, they contend that by applying the made-whole doctrine to § 11-9-410, the Arkansas Supreme Court usurped the intent of the Arkansas legislature to grant workers' compensation carriers an "unequivocal" right to a lien against recovery. Appellant's argument fails because in diversity cases, federal courts "must follow state law as announced by the highest court in the state." *Bennett v. Hidden Valley Golf & Ski, Inc.*, 318 F.3d 868, 874 (8th Cir. 2003) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Therefore, we must decline Appellants' invitation to substitute our view of Arkansas state law for that of the Arkansas Supreme Court. This is because "our duty is to 'ascertain and apply' Arkansas law, 'not to formulate the legal mind of the state.'" *David v. Tanksley*, 218 F.3d 928, 930 (8th Cir. 2000) (quoting *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818, 826 (8th Cir.1983). Based on these principles, we conclude that the district court's application of *Jaynes* to the issues in this case was not only appropriate, but imperative.

Next, Appellants contend that the district court's application of the made-whole doctrine violated Arkansas's non-retroactivity rule because Appellees' workers' compensation claims accrued one week prior to the Arkansas Supreme Court's

decision in *Jaynes*. The rule has been expressed as follows: "Retroactivity is a matter of legislative intent. Unless it expressly states otherwise, we presume the legislature intends for its laws to apply only prospectively." *Bean v. Office of Child Support Enforcement*, 9 S.W.3d 520, 526 (Ark. 2000).

Appellants' argument fails because the issue of retroactivity is not implicated in the present case. The issue before the district court was not whether a newly enacted state statute should apply to a claim that accrued prior to such enactment. Rather, the district court was called upon simply to apply an existing state statute as interpreted by the Arkansas Supreme Court. Furthermore, the Arkansas Supreme Court's decision in *Jaynes* did not "create" the made-whole doctrine. Rather, the *Jaynes* court merely interpreted the Arkansas workers' compensation statutes and associated case law and concluded that the subrogation lien provided under such statutes was not absolute. The Arkansas Supreme Court concluded that the subrogation lien was subject to the made-whole doctrine, which has firm footing in Arkansas law. *See, e.g., Franklin v. Healthsource of Ark.*, 942 S.W.2d 837 (Ark. 1997); *Shelter Mut. Ins. Co. v. Bough*, 834 S.W.2d 637 (Ark. 1992). The *Jaynes* court, therefore, simply announced what the law had always been.[4]

Finally, Appellants contend that the district court improperly concluded that Appellees were not made whole by their settlements with TACC and Illinois Tool Works. First, they argue that the settlements estop Appellees from asserting that they were not made whole. Second, Appellants challenge the district court's application

---

[4]Appellants also raise a panoply of state and federal constitutional arguments involving separation of powers and the due process, takings and contract clauses of the Arkansas and United States Constitutions. These are essentially Appellants' previous arguments in the guise of alleged constitutional violations. Because we will not sit in judgment of a state supreme court's interpretation of its own constitution, *see David*, 218 F.3d at 930, and because we have already rejected Appellant's retroactivity claim, we conclude that these constitutional claims are without merit.

-6-

of the made-whole doctrine. Third, Appellants claim that the district court improperly avoided the issue of credit for future claims of workers' compensation. We reject all three arguments.

First, Appellants argue that the fact that Appellees settled for less than the limits set forth in TACC's and Illinois Tool Works' insurance policy should give rise to a presumption that Appellees have been made whole. This argument fails because, under Arkansas law, an insured is not estopped from asserting that he was not made whole from a settlement simply because he settled for less than the policy's limits. *S. Farm Bureau Cas. Ins. Co. v. Tallant*, — S.W.3d —, 2005 WL 914615 (Ark. Apr. 21, 2005).

Next, Appellants assert that the district court erred in finding Appellees were not made whole by their settlements with TACC and Illinois Tool Works because it incorrectly applied the made-whole formula set forth in *Franklin*. In particular, Appellants argue that the district court failed to exclude damages incurred by Lamb's mother and that the evidence does not support the district court's conclusion. Under the so-called *Franklin* formula, "the precise measure of reimbursement is the amount by which the sum received by the insured from the [third party], together with the insurance proceeds, exceeds the loss sustained and the expense incurred by the insured in realizing on his claim.'" *Buck*, 117 S.W.3d at 597 (quoting *Franklin*, 942 S.W.2d at 839-40). We review the district court's factual finding that Appellees were not made whole for clear error. *Schueck v. Burris*, 957 S.W.2d 702, 706 (Ark. 1997); *see also Santucci v. Allstate Life Ins. Co.*, 221 F.3d 1045, 1047 (8th Cir. 2000).

After reviewing the district court's order, it is clear that the district court properly excluded from consideration damages suffered by Lamb's mother. Beyond this issue, Appellants do not identify any other basis for error, but rather merely assert that the district court erred. After carefully reviewing the record, however, we

disagree and find no basis for Appellants' argument that the district court clearly erred in applying the *Franklin* formula.

Finally, Appellants contend that the district court failed to take into account future workers' compensation benefits to be paid by Appellants to Appellees. They assert that the district court "improperly deferred to the Arkansas Supreme Court the determination of whether Appellants are entitled to a credit against future claims for workers' compensation benefits under Arkansas law." Appellants both mischaracterize the district court's order and misconstrue Arkansas law. A dispute involving "[t]he lien right does not arise until after an insured has been made whole by a judgment or settlement against a third-party tortfeasor." *Buck*, 117 S.W.3d at 596. The district court was not avoiding the issue of credit for future payment but rather properly held that the issue is not ripe for decision until after Appellees are made whole. Moreover, even if the issue were ripe for a decision, dismissal was proper because Appellants failed to make any record in the district court regarding future benefits to be paid to Appellees.

III. CONCLUSION

Accordingly, we affirm the district court.

_____