RAYMOND R. ABRAMSON, Judge
Appellant John V. Glenn appeals following a bench trial in the Pope County Circuit Court. On appeal, Glenn argues that the circuit court erred by finding that there was a breach of contract and by awarding damages and attorney's fees. We disagree and affirm.
This case arises from a dispute regarding the terms of a lease agreement between Glenn and appellee Mike Bubbus. On June 28, 2004, the parties entered into a ten-year lease agreement which provided that Bubbus would lease a mobile-home park from Glenn. The lease permitted Bubbus to install, at his own expense, furniture, fixtures, and equipment on the premises. Language from the lease also provided that "such furniture, fixtures, and equipment shall be deemed to be [Bubbus's] trade fixtures and shall not be deemed incorporated into or a part of the Demised Premises provided they can be removed without causing any damage to *859 the structural elements of the Demised Premises." At the conclusion of the term of the lease, the lease agreement permitted Bubbus to "remove from the Demised Premises all of such trade fixtures and other personal property belonging to Tenant," as long as Bubbus was not in default, and as long as he repaired any damage to the property caused by such removal.
During the term of that lease, Bubbus installed electrical meter boxes, related electrical equipment, and water meters to the individual mobile-home lots on the property. With respect to the electrical meter boxes, Bubbus would install a six-by-six-inch square piece of lumber vertically into the ground. Bubbus would then attach a rectangular metal meter box to that pole, and Entergy would later insert the meter itself into the meter box. Bubbus would then install a conduit in the ground between the pole and the mobile home. Wiring would then be run from the mobile home, up the pole, into the meter box, then out of the meter box and to the top of the pole. Entergy would then connect this wire at the top of the pole to the main electrical power grid.
Because the City of Russellville would install only one master water meter to the leased property's exterior lot line, Bubbus also installed individual water meters to each lot so that he could determine how much water each tenant used for billing purposes. At the conclusion of the lease term, Bubbus asked whether he could remove the meters and was told he could not.
A dispute arose as to who was entitled to these items, and on August 31, 2015, Bubbus filed a complaint in replevin. Glenn timely filed an answer and counterclaim on September 14, 2015. On September 23, 2015, Bubbus filed an answer to the counterclaim. Glenn then filed a supplemental counterclaim on March 21, 2016, which the court found to be time-barred by the statute of limitations and dismissed it with prejudice on July 7, 2016. Glenn filed a supplemental answer with affirmative defenses on August 11, 2016.
On October 19, 2016, Bubbus filed an amended complaint, adding a claim for breach of contract. Glenn then filed an amended answer with affirmative defenses and a counterclaim on January 3, 2017. Bubbus timely filed an answer on January 4, 2017.
A bench trial was held on February 2, 2017. After the trial, the parties submitted closing statements in written form. On April 25, 2017, the circuit court entered a final order, judgment, and order for delivery, finding in favor of Bubbus. The order does not expressly address Glenn's counterclaim, but Glenn's notice of appeal resolves that issue by stating that he "further abandons any pending but unresolved claims."[1] Accordingly, this appeal is now properly before us.[2]
We have long held that, in appeals from bench trials, we will reverse only if "the trial court's findings are clearly erroneous, or clearly against the preponderance of the evidence." Adamson v. Sims , 85 Ark. App. 278, 282, 151 S.W.3d 23, 25 (2004). In applying this standard of review, our court gives recognition to "the trial judge's superior opportunity to determine *860 the credibility of the witnesses and the weight to be given to their testimony." Gosnell v. Indep. Serv. Fin., Inc. , 28 Ark. App. 334, 335, 774 S.W.2d 430, 431 (1989). Further, the evidence is viewed "in a light most favorable to the appellee, resolving all inferences in favor of the appellee." McSparrin v. Direct Ins. , 373 Ark. 270, 272, 283 S.W.3d 572, 574 (2008).
At the trial, Glenn presented no witnesses nor introduced any evidence and rested immediately after Bubbus rested. On appeal, he must show that the circuit court made a clearly erroneous finding. However, he has not done so. Based on our review of the record before us, the circuit court's findings (1) that Glenn breached the parties' contract by not allowing Bubbus to remove items at the end of the lease term; (2) that the items were Bubbus's property and trade fixtures and therefore could be removed at the end of the lease term; (3) that Bubbus be awarded $14,400 as damages for the retention of the property by Glenn; and (4) that Bubbus was entitled to attorney's fees, were consistent with the only testimony presented at trial.
On appeal, Glenn argues that there was no breach of contract, that damages were improperly awarded, and because there was no breach of contract, there can be no award of attorney's fees.[3] The Arkansas Supreme Court has announced a three-part test to determine whether an article remains personal property or becomes a fixture: "(1) whether the items are annexed to the realty, (2) whether the items are appropriate and adapted to the use or purpose of that part of the realty to which the items are connected, and (3) whether the party making the annexation intended to make it permanent." Pledger v. Halvorson , 324 Ark. 302, 305, 921 S.W.2d 576, 577 (1996). In this case, based on the language of the lease and the testimony presented at trial, the meter boxes, poles, and wiring were removable, and the circuit court's decision, which again was consistent with the only testimony presented at trial, was not clearly erroneous.
In applying the three-factor test set forth above, our supreme court has held that the third factor-the intent of the party making the annexation-is "a consideration of primary importance." Id. at 306, 921 S.W.2d at 578. In considering this factor, the court considers "the nature of the chattel, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose for which the annexation has been made." Id. at 305-06, 921 S.W.2d at 578.
In this case, when considering intent, it is vital to consider the language of the lease between Bubbus and Glenn. Specifically, that lease provided that Bubbus could remove any property that he put on the premises, even items that might otherwise be considered trade fixtures, as long as he could remove them without causing damage to the structures on the premises:
Tenant shall be entitled to install at it[s] own cost additional furniture, fixtures, and equipment in or upon the Demised Premises, all of which furniture, fixtures, and equipment shall be deemed Tenant's trade fixtures and shall not be deemed incorporated into or a part of the Demised Premises provided they can be removed without causing any damage to the structural elements of the Demised Premises. Upon the expiration of the lease term, Tenant may, if it is *861 not in default hereunder at that time, remove from the Demised Premises all of such trade fixtures and other personal property belonging to Tenant. Tenant agrees to repair any damage to the interior or exterior of the Demised Premises caused by the removal of such trade fixtures.
The language in the lease agreement itself makes clear that the intent of both parties was for the electrical equipment and water meters to be removed at the termination of the lease. The uncontroverted testimony was that the equipment could be removed with no damage to the structural portion of the premises, and with only minor damage to the real estate that could be easily repaired.
Based on the three-prong test, and particularly on the intent prong of the test, the circuit court did not err in finding that Bubbus should have been allowed to remove his electrical equipment. There was ample testimony that the poles, meter boxes, and wires could be removed from the property with no damage to the real property[4] and with minimal interruption of electrical service to the residents of the mobile homes.[5] The poles and electrical equipment were installed for the benefit of Bubbus and his tenants, and the parties' intent in the lease reflects that Bubbus would be able to remove the electrical equipment at the termination of the lease. We therefore affirm the circuit court's decision.
We find Glenn's damages argument unpersuasive. He argues that the damages awarded for loss of use of property was an improper award, but he fails to cite any authority to support his position. Assignments of error that are unsupported by convincing authority will not be considered. Holcombe v. Marts , 352 Ark. 201, 99 S.W.3d 401 (2003). Glenn's final argument is that because there was no breach of contract, there can be no award of attorney's fees. Because we affirm the circuit court's decision that Glenn breached the parties' contract, Glenn's attorney's-fees argument fails. Accordingly, we affirm.[6]
Affirmed.
Gruber, C.J., and Gladwin, J., agree.

Pursuant to Rule 3 of the Arkansas Rules of Appellate Procedure-Civil, such language "operates as a dismissal with prejudice effective on the date that the otherwise final order or judgment appealed from was entered." Ark. R. App. P.-Civ. 3(e)(vi).

We note the circuit court's order granting intervention to the Pope County Sheriff's Office was entered July 14, 2017, which was three days after the notice of appeal was filed in this court on July 11, 2017. Therefore, this is a final order for purposes of appeal.

Glenn's abstract is woefully deficient. Rather than remand for rebriefing, we relied on Bubbus's supplemental abstract and addendum to reach the merits of this case. See Ark. Sup. Ct. R. 4-2(b)(1), which allows an appellee to supplement a deficient abstract or addendum and petition this court to recover costs and fees incurred in doing so.

Other than filling in the hole upon removal of the pole.

Testimony indicated the entire process would cause, at most, only two hours of "shutdown" time.

Bubbus's motion to dismiss the appeal, filed on Friday, April 6, 2018, is denied.